Nash, C. J.
 

 His Honor, who tried the case below, could not give the instructions prayed for. If all the facts proved in behalf of the defendant were true, the transaction between her and her father was not in law a fraud. John T. Pearce, the father, was the owner of three slaves, whom ho sold to his two daughters, the defendant and her sister, Elizabeth, at the price of $650. Two of the slaves, of whom the negro in question was one, were conveyed to the defendant at the price of $400, and the other to Elizabeth, at the price of $250. At the time of making and executing the contract, the sisters paid in cash $250, and the remaining $400, it was agreed, should be discharged by the payment of certain specified debts then due and owing by the father, and amounting to about the sum of $400. The price agreed on was a free and fair one, and the specified debts to be paid by
 
 *416
 
 the sisters were afterwards paid by them. The father at the time was in embarrassed circumstances, and then owed a debt to the plaintiff, which is still due and unpaid, and the negro now in dispute is looked to by him as the source from which he is to get his judgment. The whole question was properly left to the jury. Before us it has been urged that the Court ought to have given the instruction asked for, because the promise by the daughters was a promise to pay the debts of another, and not being in writing, was under the Statute void, and their subsequent payment of them could not render the previous promise good, as it was a voluntary agreement on their part. The principle on which the argument rests is correct, but the argument itself rests on an ■assumption not warranted by the facts. The promise by the daughters to p- y the creditors of their father, was not a promise to pay the debt of another, but an original promise to discharge their own debt in a particular and agreed way — a promise founded on a new and valuable consideration. There is nothing in the law of debtor and creditor which forbids the latter, however much indebted, from selling any portion of his property, provided he does it
 
 bona
 
 fide, without any intent to defraud, hinder, or delay his creditors. Nor can the sale be otherwise than legal, when he sells for the purpose of paying his creditors, though they may be preferred creditors, Lee v. FlaNNAGAN, 7th Ired. 471. Nor is a parent forbidden to sell to his child; the only difference would be, that the latter would be held to fuller and stricter proof of the fairness of the transaction. In this case, one of the creditors of the father Í3 the subscribing witness to the conveyance. By the purchase of the negroes, the daughters became indebted to the father for the amount of the purchase money. They paid more than two-thirds at the time, and the remainder was left in their hands to discharge certain debts due by the father; and the debts so specified were paid by them, and the payment discharged the debts the father owed, and the debt they owed him. In fact, the amount left in their hands was the money of the father, which might have been recovered of them by him, at any time, before
 
 *417
 
 tbey bad appropriated it as directed, or before they had made themselves responsible to the creditors for it. It is true, the original indebtedness discharged by the plaintiff and her sister, was that of the father ; but their promise was a new and original promise for a new and valuable' consideration, and is not within the Statute of 1826, ch. 10, sec. 1st; Sdn. 211., note a.; Cooper v. Chambers, 4th Dev. 261; Ashford, v. Robinson, 8th Ired 117. The principle there decided meets this entirely. The case does not come within the operation of our statute, and is not an attempt to substitute a valid for a void contract. The promise to pay over the amount of the deferred payment to the creditors of the father was a valid promise, and their actual payment a valid one.
 

 Judgment affirmed.