THE STATE OF MARYLAND, USE OF SUSAN BOTELER, *vs.* NORAH
DIGGES AND CHARLES DIGGES, SURVIVING OBLIGORS OF DAN-
IEL C. DIGGES, DECEASED.

TRUSTEE'S BOND—ACTION UPON.—In order to enable a party to maintain an
action at law against the sureties upon a trustee's bond, to recover a sum
of money audited to the plaintiff, and ordered to be paid by the trustee,
it is necessary to notify and demand payment of the trustee in his life time.

JURISDICTION IN EQUITY.—In case of the death of the trustee without receiv-
ing such notice and demand, the plaintiff's only remedy will be in a Court
of Equity.

APPEAL from the Circuit Court for Prince George's
County:

The appellant sued the appellees as sureties on the bond
of D. C. Digges, trustee for the sale of the real estate of
William Boteler, under a decree of the Equity Court for
Prince George's County.

The breach is assigned in the *nar.*, which shews that the
trustee sold the land, and reported the sales; and that ac-
counts were stated, distributing the proceeds, of which
Susan Boteler, as widow, was entitled to $222.24. That
the account was duly ratified, and afterwards the trustee
died, and the said Susan Boteler since his death, notified
his administrators of the ratification of said account, and
demanded of them the payment of said sum of money, * *
* * "but the said D. C. Digges, in his life time, and the
said *defendants* since his death, failed to pay the same."

The defendants demurred to the *nar.*, and the judgment
being for them, the plaintiff appealed.

The cause was argued before BOWIE, C. J., and BARTOL,
GOLDSBOROUGH and COCHRAN, J.

*Frank H. Stockett*, for the appellant:

The question in this case is *res integra* in this State, and
it is submitted, that this Court will hesitate before it

establishes a doctrine which must be calculated to work serious injustice to suitors in Courts of Equity.

In the case of *Dent vs. Maddox*, 4 *Md. Rep.*, 522, it was decided, that the administrator of the trustee was accountable for the proceeds of real estate sold by the trustee, to the extent of the personal assets in his hands, and this decision, it would seem, clearly establishes the doctrine, that he was the proper party to whom notice should be given, standing in the position and representing his intestate who was the trustee. If not, to whom should the notice be given? It must either be given to the administrator or it must fail, for no case goes to the extent of declaring that the sureties on the trustee's bond are entitled to such notice, and the security which the bond was intended to afford to suitors would, in all such cases, prove a delusion. *Boteler & Belt vs. Brooks*, 7 *G. & J.*, 143.

In the case of *Oyster vs. Annan*, 1 *G. & J.*, 450, the Court in delivering its opinion expressly say, that the executor or administrator represents the deceased testator, or intestate, in all and each of his contracts; certainly intending that a notice to such executor or administrator shall answer all the purposes of a notice to the trustee, whose death had prevented such notice being given; but it cannot be supposed that the Court meant to *confine* the parties to the cause in equity, to their remedy alone against the personal estate of the trustee, which may be utterly insolvent, and thus render nugatory the security supposed to be furnished by the bond.

Guided by the foregoing principles, it is respectfully submitted that the averments in the amended *nar.* are sufficient to maintain the action, and that the judgment rendered by the Court below should be reversed, and judgment given for the appellant.

*W. H. Tuck*, for the appellees:

1st. The notice of the audit to the administrators of the trustee, is not sufficient to bind the sureties in a suit on

31    v. 21

the bond.   *State, use of Oyster, vs. Annan,* 1 *G. & J.* 450. *Scottt vs. Hall, use of Ducker,* 2 *Md. Rep.,* 284.

2nd. The declaration does not state that the *adminis-trator* refused to pay.   For anything that appears, the estate of the trustee was ample, and his administrators did pay on request.   *Semmes, use of Baden, vs. Naylor,* 12 *G. & J.,* 362.

GOLDSBOROUGH, J., delivered the opinion of this Court:

In this case Susan Boteler, the appellant, was entitled as the widow of Wm. Boteler, to the sum of $222.24, allowed to her in the distribution of the proceeds of the sale of her husband's real estate.   The auditor's report ascertaining this sum, was finally ratified and confirmed by the Circuit Court for Prince George's County, and the trustee, Daniel C. Digges, was directed by the usual order accompanying the ratification of the report, to pay over the proceeds in accordance therewith.   Before notice could be given and demand made upon the trustee to pay the amount claimed, he departed this life. Administration upon his personal estate was thereafter granted to Elizabeth C. Digges and Richard B. B. Chew, and notice was served upon them and demand made to pay the said sum; they failed to pay the same, and suit was instituted by the appellant in the name of the State for her use, against the appellees, the sureties in the trustee's bond.

The amended declaration set out the material facts above stated, and the appellees demurred to the declaration. The Court below gave judgment on the demurrer for the defendants.   From this judgment the appeal before us was taken.   We deem it unnecessary to determine as a question of law, the sufficiency of the averments in the declaration, as we are justified, by the weight of authority, in deciding, that the remedy of the appellant, under the circumstances, is only in a Court of Equity.

The case of *Oyster vs. Annan*, 1 *G. & J.*, 450, has established the law, that, to sustain a suit on a trustee's bond for a sum allowed in an auditor's report, finally ratified and confirmed, the party suing must aver and prove a service of the order of ratification, on the trustee, and a demand of payment of the sum specified.

There is no breach of the contract, nor is the trustee in default until his refusal or failure to comply with the order of the Court after notice thereof. If, as in this case, the death of the trustee rendered it impossible to give notice or make demand of payment, the sureties should not be placed in a position of *legal* responsibility which had not attached to the trustee at the time of his death. The notice to the administrators, and demand upon them, could not affect the sureties at law, nor could it affect the administrators who were no parties, but strangers to the proceedings in equity.

In the case of *Brooke vs. Brooke & others*, 12 *G. & J.*, 306, where many of the prominent facts were similar to those in this case, this Court said the death of the trustee, under the circumstances in which it occurred, was such an *accident* as entitled the party seeking it, to relief in equity in the manner in which he seeks it.

We think there is another substantial ground why relief should be sought in equity. If, as is averred in the appellant's declaration, the trustee received the purchase money for the sale of the real estate, and there is nothing to show that it was kept separate and distinct from his own personal estate, it necessarily went into the hands of his administrators. By a bill in equity, the administrators being made parties, they could be called on to account for those funds and to pay and satisfy the appellant's claim in part or in whole, according to the amount of assets to be administered, and to that extent, relieve the the appellants from their responsibility, and they being made parties, the Court could enforce the execution of their contract according to its obvious meaning and design. See the authori-

ties cited by this Court in their opinion in 12 G. & J., 321.

Being therefore of opinion that there is no error in the ruling of the Circuit Court, the judgment will be affirmed.

*Judgment affirmed.*

(Decided March 11th, 1864.)