(Decided June 14th, 1865.)

---

SUSAN E. CUNNINGHAM, JOHN W. WRIGHT and ABBIE E. WRIGHT, *vs.* JOHN DWYER.

FRAUDULENT CONVEYANCE: PROOF OF CONSIDERATION: PAROL EVIDENCE. A debtor having made a deed to his mother, which was assailed for fraud, and the consideration stated in the deed being five dollars, evidence·was offered to show an adequate pecuniary consideration. On exception to this evidence as inadmissible,—HELD:

1st. That considered merely as a fact, the amount of the consideration stated in the deed would be evidence of fraud, but considered as a pecuniary consideration, it established the character of the deed as belonging to a class which would be preferred to volunteers, and the amount not being conclusive on the grantee, or those claiming under her, it was competent to prove a larger consideration of the same kind.

2nd. That the evidence proposed to be offered was adduced to rebut any idea of fraud, by showing—not a different consideration, but the same kind of consideration, differing only in amount.

3rd. That it was competent, under a deed of this sort, to prove the actual amount received by the grantor from the grantee, in advances of money which he had agreed to secure by deed, and to secure which the deed was executed, in pursuance of the previous agreement to that effect.

EXECUTOR: COMPETENCY OF WITNESSES.—Where a witness offered to sustain a deed of leasehold estate impeached for fraud, is the executor of the grantee, he is interested in sustaining the deed, because if the deed'is sustained, the property conveyed by it will be assets in his hands, on which he will be entitled to commissions.

PRACTICE IN COURT OF APPEALS: CODE, 2ND SUPPLEMENT, ART. 37, SEC. 1: COMPETENCY OF WITNESSES.—Where the testimony of a witness is rejected by the Court below, because of his interest in the cause, and subsequently his incompetency is removed by law, whether the Court, on appeal, will reverse and remand the cause for the purpose of admitting his evidence—*Quære?*

APPEAL from the Circuit Court of Baltimore city.

A bill in equity was filed by the appellee on the 29th of May 1858, against the appellants and Thomas J. Cunningham, in his own right, and. as executor of· Abigail Cunningham, and also against certain persons, creditors of said Thomas A. Cunningham, who had caused executions issued by them on judgments against said Thomas A. Cunningham, to be levied on certain property, and which. property they were about to cause to be sold thereunder.

One object of the bill was to prevent such sale, on the ground that, in the doubt then existing as to the title, there would be a great sacrifice of the property if such sale were made, and therefore an injunction was prayed for and granted. No question, however, arises on this appeal as to this part of the case.

Another object was to set aside certain deeds which said Thomas A Cunningham had made to his mother, Abigail Cunningham, in her lifetime, and which were assailed on the ground that the same had been executed fraudulently and without consideration, and for the purpose of hindering, delaying and defrauding the complainant and other creditors of the said Thomas A. Cunningham.

The bill further shows that the said Abigail Cunningham departed this life in the summer or autumn of 1857, and

that by her will, dated the 9th of July 1855, she gave the residue of her estate to the appellant, Susan E. Cunningham, and the appellant, Abbie E. Wright, (wife of the appellant, John W. Wright,) and appointed the said Thomas A. Cunningham the executor of her said will, and that he duly qualified as such. The said appellants, therefore, were made defendants in these capacities as the devisees and legatees of the said Abigail Cunningham, the grantee in said deeds.

The two deeds assailed are both dated the 14th of September 1855. In each the expressed consideration is five dollars. The first is an assignment of leasehold interest; the second is a conveyance of the reversion of fourteen lots.

The complainant insisted that both the deeds were without valuable consideration, and merely voluntary. The appellants, in their answer, insisted that both deeds were made for valuable and full consideration, to wit, $7,000, part of a larger amount due from said Thomas A. Cunningham to said Abigail Cunningham. Thomas A. Cunningham, in his answer, stated that the deeds were made *bona fide*, and that the property was sold for $7,000, and which amount he insisted was considerably more than its actual value. And he averred, in his answer, that when, upon hearing the deeds read, he found that five dollars was stated in each of said deeds as the expressed consideration thereof, he called the attention of the scrivener to the fact, and was assured by him that it made no difference whether the consideration was stated in the deeds at five or at five thousand dollars, and that he was thereupon satisfied that the deeds were correct in point of form.

Under the commission, Thomas A. Cunningham was examined as a witness on behalf of the appellants, by leave of the Court. He testified that he was indebted to his mother, on the day of the date of these deeds, for borrowed money and for rents due, in the sum of $8,000, and that his mother agreed to accept said conveyances in payment of that indebtedness. He also testified that at that time he

had other assets fully adequate, as he then believed, to pay all his debts. He ascribes his subsequent inability to pay all his debts, to losses and bad health.

John R. D. Bedford, the person who prepared the deeds, was also examined, and he testified that Mr. Cunningham desired the actual consideration to be expressed, but that he, the witness, had already inserted the consideration of five dollars in each of the deeds, and that he had done so to prevent the possibility of the execution of the deeds by inadvertence, without any consideration expressed, as had been done in a particular case, and that he had assured the said Cunningham, before the execution of the deed, that any consideration expressed in the deeds, however small, would be sufficient.

Exception was taken by the complainant to the evidence of Bedford and the evidence of Cunningham. The testimony of Bedford was excepted to, because its object was to add to, vary and contradict the deeds offered in evidence by parol, and to substitute a consideration for them different from that expressed in them. The testimony of Thomas A. Cunningham was also excepted to, because he is a party to the suit, and executor of the deceased Abigail Cunningham, and if the deeds should be sustained, the leasehold property would vest in him as executor; his testimony is also excepted to for the same reasons as that of Bedford.

The Court (KREBS, J.) decided, that as the expressed consideration was *nominal*, the deeds were to be considered as merely voluntary deeds, and that it was not competent to show by parol testimony an adequate pecuniary consideration, because, as he said, this would be allowing the introduction of evidence to vary the consideration set forth in the deeds. He also said that the evidence of Cunningham, even if he was a competent witness, was not sufficient to sustain the deeds, and he decided also that Cunningham was not a competent witness.

A decree was passed in conformity to this opinion, vacating both deeds, and directing the property to be sold for the

benefit of the creditors of the grantors. From said decree this appeal was taken.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough, Cochran and Weisel, J.

*Wm. Schley,* for the appellants.

The counsel for the appellants will maintain, in argument, the following points:

1st. Apart from the evidence of Thomas A. Cunningham, there is no competent legal evidence that the complainant or any other of the judgment creditors, or any person whatever, other than his mother, held any claims against the grantor at the time of the *factum* of these deeds, namely, on the 14th of September 1855.

The transcript, undoubtedly, as against all persons, is evidence of the facts that suit was brought and that judgment was recovered at the respective times, as shown by the record, and, as between the parties and privies, is conclusive evidence of all that is thereby imported. But as respects strangers, the suit is *res inter alios,* and the fact that suit was instituted, by Sexton for example, on the 14th of April 1855, before the *factum* of the deeds, and the further fact that judgment was rendered in that suit on the 21st of October 1856, after the *factum* of the deeds, are not evidence, as against Mrs. Cunningham, the grantee in said deeds, nor against those claiming under her, that the indebtedness existed prior to the *factum* of said deeds; nor does the fact, that in the transcript it is shown that notes were filed, to which the name of Thomas A. Cunningham appears as maker, give any greater efficacy to the record, so as to make the same evidence in this case for said purpose. The complainant, therefore, did not show any right to impeach the deeds upon the alleged ground that they were intended to defraud creditors, even if they were voluntary in fact. Unless the evidence of Thomas A. Cunningham be received, there is no competent evidence, as against

MARYLAND REPORTS.

the appellants, to show such prior indebtedness. *Gaunt vs. Wainman*, 3 *Bing. N. C.*, 69, (32 *Eng. C. L. Rep.*, 42.) *Doe, dem. Foster vs. Derby*, 1 *Ad. & Ell.*, 790; LITTLEDALE, J. (28 *Eng. C. L. Rep.*, 213.) *Broom's Legal Maxims*, 435, (50 *Law Lib.*, 269.)

In a proceeding against the heir, a judgment against the personal representative is not any evidence. *Gaither & Warfield, vs. Welch*, 3 *G. & J.*, 263. The general rule is laid down in *McClellan & Wife, vs. Kennedy*, 8 *Md. Rep.*, 252. See, also, *Dorsey vs. Gassaway*, 2 *H. & J.*, 402; *Wood vs. Grundy*, 3 *H. & J.*, 13.

2nd. If the evidence of Thomas A. Cunningham be received, then two material facts are proved by him, and they are not disproved by any evidence in the cause. He proves that the deeds were made *bona fide*, for payment of a debt of about $8,000, due to his mother for borrowed money and rent, and that the property estimated as being worth $7,000, was agreed to be received by her in satisfaction of the indebtedness. And he proves, also, that he had other property which he considered as sufficient for payment of all his other debts in full, and that his subsequent inability to pay those debts arose, as he testifies, from bad health, and from the various losses subsequently incurred, as stated in his evidence. His evidence is not contradicted, nor his credibility impeached. The only objection to his testimony was on the ground of alleged incompetency.

3rd. Thomas A. Cunningham was a competent witness in support of the deeds. He was examined under an order of Court. No objection, therefore, can be taken on the ground that he is a party to the suit. He was not incompetent on the score of interest; he had no certain legal interest in the event of the suit. It was suggested that he is liable to costs, but costs in Chancery are always in the discretion of the Court. 3 *Daniels' Ch. Pr.*, 15, 16, and note there. *Linthicum vs. Linthicum*, 2 *Md. Ch. Dec.*, 21.

As executor, he had no possible interest, he was in that capacity a merely formal party. In his individual capacity,

Cunningham, *et al., vs.* Dwyer.

his interest was altogether on the side of his creditors. No decree could possibly have been made against him, nor for him, in that suit individually, or in his representative capacity.

4th. The evidence of Bedford, and that of Cunningham, were admissible for the purpose of showing that the deeds (although *prima facie* voluntary, from the apparently nominal consideration) were, in fact, for valuable and full pecuniary consideration. The evidence was not offered to show a consideration different from the expressed consideration. It is allowable to show a full pecuniary consideration, where the deed purports to be made for a small pecuniary consideration.

By extrinsic evidence the real value of the property was shown, and thus the expressed consideration was shown to be merely nominal, and hence the presumption arose that the deeds were voluntary. But, like other presumptions raised by extrinsic evidence, it is rebuttable by the production of extrinsic evidence, provided such evidence be legal and competent. The expressed consideration of five dollars, made the deeds a bargain and sale between the parties, and they were undoubtedly good as such between grantor and grantee. By proof, however, it was shown that the interest passing under the deeds was worth several thousand dollars, and hence the fact was *prima facie* established, that the expressed consideration was merely nominal, and thus, presumptively, that the deeds were fraudulent. But if the further fact be permitted to be shown that the consideration was a substantial and full pecuniary consideration, then the presumption would be repelled. None of the cases go to the extent of saying, that where the consideration is pecuniary, you cannot show a further pecuniary consideration in support of the deed. It is entirely consistent with the consideration expressed in the deed. It would be otherwise if the effort was to convert a mere covenant to *stand seised,* into a deed of bargain and sale, or *e converso.* But there is no statute or rule of law which requires the exact consideration to be stated in a deed. 2 *Shephard's Touchstone,* 511, (31 *Law*

29      v.23.

*Lib.*, 398.) *Watkins on Con.*, 237, (20 *Law Lib.*, 80.) *Harvey vs. Alexander*, 1 *Rand.*, 219, 233. *Powell vs. Mon. & B. Man. Co.*, 3 *Mason*, 347. *Hickman vs. McCurdy*, 7 *J. J. Marshall*, 555.

The admissibility of such evidence is entirely consistent with the cases of *Glenn vs. Grover & McColm*, 3 *Md. Rep.*, 212, and *Baxter vs. Sewell*, 3 *Md. Rep.*, 334, and same case in 2 *Md. Ch. Dec.*, 447. Indeed the last case is a strong authority for the appellant. It expressly adopts the rule laid down in *Cole vs. Albers & Runge*, 1 *Gill*, 422, that "evidence of the same kind of consideration, varying only in amount, may be received." See, also, *Anderson vs. Tydings*, 3 *Md. Ch. Dec.*, 171.

5th. The evidence of Bedford, in relation to the declaration of the grantor, as to the consideration upon which the deeds were really made, was admissible as part of the *res gestæ* of the transaction. It was good rebutting evidence to repel the presumption of fraud arising from the nominal amount expressed in the deeds as the consideration. *Garner vs. Smith*, 7 *Gill*, 3. *Smith vs. Morgan*, 8 *Gill*, 138. *Powles vs. Dilly*, 9 *Gill*, 234. *Miller & Mayhew, vs. Williamson*, 5 *Md. Rep.*, 219. *Handy & Tull vs. Johnson*, 5 *Md. Rep.*, 450. *McDowell vs. Goldsmith*, 2 *Md. Ch. Dec.*, 370. Same case, 6 *Md. Rep.*, 319.

*Wm. S. Waters* and *John Carson*, for appellee.

The following points are submitted on the part of the appellee:

1st. The two deeds sought to be set aside are voluntary on their face. The consideration being nominal, is virtually a consideration for love and affection. *Sewall vs. Baxter & Wife*, 2 *Md. Ch. Dec.*, 454. Same case, 3 *Md. Rep.*, 340. *McCrea vs. Purmost*, 16 *Wend.*, 463.

2nd. The consideration so set out in these deeds, cannot be contradicted, nor can any other consideration be proved. They are impeached for fraud, and cannot be sustained by proof of a different consideration from that stated in them.

The deeds, if sustained at all, must be sustained as voluntary instruments. See cases above cited, and *Birely & Holt, vs. Staley,* 5 *G. & J.,* 455; *Clagett vs. Hall,* 9 *G. & J.,* 90. *Betts vs. Union Bank,* 1 *H. & G.,* 202.

3rd. In order to sustain these deeds as voluntary instruments, the burden of proof is upon the grantees, to show that at the time they were executed, the grantor was in "prosperous circumstances, possessed of abundant means to discharge his engagements and pay his debts." If there be a reasonable doubt of this, the deeds must fail. *Baxter vs. Sewell,* 2 *Md. Ch. Dec.,* 454. Same case, 3 *Md. Rep.,* 340. *Worthington & Anderson, vs. Shipley,* 5 *Gill,* 460.

4th. There is no evidence, except that of the grantor himself, as to his circumstances, and his testimony is excepted to, as before stated. But conceding his testimony to be admissible, it proves that his circumstances were not such as that these deeds can be sustained as voluntary instruments. See cases above.

5th. Even if it were competent to prove, by parol, a different consideration for these deeds, there is no evidence before the Court in regard to that subject, except the testimony of Bedford and Thomas A. Cunningham. That of the first, if admissible, proves nothing; it is indefinite. That of Cunningham is not admissible, because he is interested; and even if admissible, could not be relied on by the Court sufficiently to establish the fact. *Ratcliffe vs. Sangston,* 18 *Md. Rep.,* 390. *Nat. Fire Ins. Co. vs. Crane,* 16 *Md. Rep.,* 260. *McElderry vs. Shipley, et al.,* 2 *Md. Rep.,* 35.

Bowie, C. J., delivered the opinion of this Court:

The appellee, claiming as a creditor of the appellant, Thomas A. Cunningham, filed his bill on the equity side of the Circuit Court for Baltimore city, against him and others, praying certain conveyances therein referred to may be declared null and void, and for other relief, not material to be considered in this appeal.

The deeds assailed are dated the 14th of September 1855, and purport to be made in consideration of the sum of five dollars, paid by the grantee, who was the mother of the grantor.

It is alleged, that before and at the time of the execution of these instruments, the grantor was insolvent, and largely indebted to the complainant and others, by whom he was sued, and these were executed fraudulently and without consideration, for the purpose of hindering, delaying and defrauding the creditors of the appellant, Thomas A. Cunningham.

The grantee, Abigail Cunningham, died in the year 1857. Letters testamentary were granted to her son, Thomas, who was appointed her executor by her will, dated the 9th of July 1855, by which the premises conveyed to her, by the deeds in question, passed, under a residuary clause, to her daughters, Susan S. Cunningham and Abbie E. Wright, co-defendants and appellants.

The answers of the appellant defendants put in issue all the allegations affecting the validity of the deeds.

The controlling question in the consideration of this appeal, is the *prima facie* legal character of the deeds, which are assailed for fraud. Upon this, the materiality of the questions relating to the admissibility and effect of the testimony, essentially depends; if the deeds were made for an adequate valuable consideration, it is immaterial whether the grantor was indebted or not, at the time of their execution. The learned Judge who decided this case below, places this point prominently in the foreground of his opinion thus: "These deeds, having been executed by the defendant to his mother, for the consideration of five dollars only, must be treated as made for the consideration of love and affection, and, for that reason, as purely voluntary, and therefore the evidence adduced by the defendants for the purpose of proving these deeds were made for an adequate pecuniary consideration, if it came from competent witnesses, could not be regarded, because it is offered to vary the consideration

set forth in the deeds." "Since the decision by the late Chancellor, in the case of *Baxter vs. Sewell*, 2 *Md. Ch. Dec.*, 447, whose decree in that case was affirmed, and the opinion as delivered by him adopted by the Court of Appeals, in 3 *Md. Rep.*, 334, the law must be considered as settled in this State upon this question."

Before it could be determined whether an additional consideration could be proved, it was necessary to decide the character of the consideration expressed. At that stage of the inquiry, it was not a question of adequacy or inadequacy, as a badge of fraud, or whether the parties to the deed were mother and son; although they stood in that relation to each other, they might also have been debtor and creditor, or barginor and bargainee. The admissibility of evidence must be determined before its weight is considered.

The general principle of the common law, sanctioned by the Statute of Frauds, is, that it is not competent to contradict, alter or vary a written instrument by parol proof, but before this can be applied, it must be ascertained what is the character of the written instrument it is proposed by the evidence to affect.

The learned Judge, in adopting his conclusion, did not advert to the distinction between the amount of the consideration, as a fact, which being grossly inadequate, if established, would be evidence of fraud, and the kind of consideration, which would determine whether the instrument belonged to the class of deeds known as "bargains and sales," or "covenants to stand seized to uses." Considered merely as a fact, the amount would be evidence of fraud, but considered as a pecuniary consideration, it established the character of the deed as belonging to a class which would be preferred to volunteers, and the amount not being conclusive on the grantee or those claiming under her, it was, as we shall proceed to show, from a review of the several cases on which *Baxter vs. Sewell* was based, competent to prove a larger consideration of the same kind.

After referring to a series of Maryland cases, to establish his position in *Baxter vs. Sewell*, concluding with *Cole*,

*Trustee, vs. Albers & Runge*, the Chancellor adds: "In the last case, the doctrine of the inadmissibility of parol proof of a different consideration from that stated in the instrument, was fully maintained, though it was allowed to the party, in that case, to offer evidence of the same kind of consideration, varying only in amount from that expressed." *Baxter vs. Sewell*, 2 *Md. Ch. Dec.*, 455.

It is thus apparent no new rule was designed to be laid down, either by the Chancellor or the Court of Appeals, which affirmed his decree, upon the authorities cited by him. The case thus referred to and adopted by the Chancellor, it should be remembered, was the last in order of time of the decisions referred to, and made after great deliberation, with all the preceding cases in view. It may, therefore, be regarded as a leading case on the subject.

Speaking of the bill of sale, ARCHER, J., who delivered the opinion in *Cole's* case, said: "*The instrument would, in contemplation of law, be a deed of bargain and sale, standing on the consideration proved, in the same way as it would be if standing on the consideration expressed in the deed.*" In the case of *Betts vs. The Union Bank*, the evidence could not be received, because by the disproof of the consideration expressed, the deed had been rendered inoperative and void, and parol evidence of a different consideration could not be received to set up the deed thus impeached. But here the deed is not impeached or rendered inoperative and void, by the evidence offered, but the evidence is adduced to rebut any idea of fraud, by showing not a different consideration, but the same kind of consideration, differing only in amount and the circumstances under which it assumed this shape." *Cole, Trustee, vs. Albers & Runge*, 1 *Gill*, 423.

This language is singularly appropriate to the deeds now before us. The testimony offered by the appellants to sustain them, was not testimony, the effect of which would be to change the legal character, *prima facie* impressed by law on them. We are not called on to compare the facts in the case of *Baxter vs. Sewell* with those in the present case, and

declare these deeds voluntary, because the Chancellor arrived at that conclusion, from facts which may be more or less similar; but to examine the authorities relied on. by the Chancellor in that case, and adhere to the principles established by them. Of the two considerations expressed in the deed in *Baxter vs. Sewell*, the Chancellor held that of natural love and affection to be the real *bona fide* consideration, and the other (five dollars) to be nominal or feigned, and he would not permit the real to be changed by setting up a different consideration under the feigned. No such alternative is presented here. The question *in limine* is, what is the *prima facie* legal character of the deed? If a deed of bargain and sale, then an additional consideration of the same kind may be proved.

The Statute of the 13th Elizabeth avoids all gifts, conveyances, &c., of lands or chattels had or made with intent or purpose to delay or defraud creditors, with a proviso that it shall not extend to any estate or interest upon good consideration and *bona fide* lawfully conveyed or assured, to any person not having. at the time any manner of notice or knowledge of such fraud." "Good consideration" is construed to mean valuable consideration, as between existing creditors and. others, claiming under the debtor, but the form of the conveyance or assurance is not otherwise affected by the statute. A consideration was not essential to a deed at common law, nor is it now necessary *"inter partes,"* although it is to render it valid as to all persons. *Cruise, Tit. Deed, ch.* 2, *secs.* 38 and 39. If no consideration is expressed, one may be averred and proved. *Stearns vs. Barrett,* 1 *Pick.*, 443, 449. 2 *Coll. Ch. Cases,* 76, 84. And where any consideration is expressed, it is held as a general rule, that any other consideration not inconsistent with that which is expressed, may be averred and proved. Vide *note* 1, *Cruise, Tit. Deed, ch.* 2, *p.* 322, and cases there cited. *Cruise, Tit. Deed, ch.* 2, *p.* 324, *note* 2.

The presumption of law is, that a deed made for a valuable consideration, however small, is *bona fide*. Fraud is

not to be presumed. It may be desirable that all legal instruments which might affect the rights of third persons, should show on their face the actual considerations for which they were made, although such a rule would be often extremely inconvenient and embarrassing; but there is no legal authority for such a proposition. As fraud is often inferred from circumstances, where an instrument *prima facie* valid between the parties, is rendered doubtful by evidence of extrinsic facts, it seems almost an e⸗ ntial legal consequence, that all facts not inconsist⸗ with the recitals of the deed, should be admitted to sustain it. The tendency of this practice is, to make fraud a question of fact, not an inference of law, and to open every case to the fullest investigation. If it was admissible in *Cole vs. Albers & Runge*, to prove that an instrument purporting to be a bill of sale for the nominal consideration of $10,000, was given to secure a debt of one-third that amount, and *future advances* to be made to that amount, because such evidence did not change the character of the deed, it must be competent in this case to prove the actual amount received by the grantor from the grantee, in advances of money which he had agreed to secure by deed, and to secure which the deed was executed in pursuance of the previous agreement to that effect. Such testimony would not have changed the legal character of the deed, and would therefore have been admissible, according to the principle of the preceding cases. But Cunningham's testimony was further excepted to, upon the ground that, as executor of Abigail Cunningham, he is interested in sustaining the deeds, because they convey certain leasehold property, which (if sustained) will be assets in his hands, and entitle him to commissions on their appraised value. This objection seems to us well taken. The incompetency of a witness to establish a fact which increases his own funds, or those which certainly enure to his profit or advantage, is one of the first principles of the law of evidence as it then stood. This disqualification has been removed since the hearing below.

The Code, as amended, Art. 37, sec. 1, makes all persons admissible as witnesses, notwithstanding such persons may or shall have an interest in the matter in question, or in the event of the trial of any issue.

The decision of the learned Judge below being, in our opinion, erroneous upon a most material point, it would not be consistent with equity and justice to affirm it for reasons which are since rendered legally insufficient; therefore, without affirming or reversing, we remand the cause, that further proceedings may be had in conformity with this opinion.

*Cause remanded.*

