(36 Misc. Rep. 362.)

O'BRIEN v. CAVANAGH et al.

(Supreme Court, Special Term, New York County. November, 1901.)

VOLUNTARY CONVEYANCE.

 A conveyance by a debtor of a house and furniture worth $35,000, to
one having no claim on him, for an alleged consideration of $1, will be
set aside as in fraud of creditors.

Bill by Miles M. O'Brien, trustee in bankruptcy of Grahams Polley,
against Lilian G. Cavanagh and others, to set aside a conveyance as
fraudulent. Judgment for plaintiff.

 Guggenheimer, Untermyer & Marshall, for plaintiff.
 Campbell & Yankauer, for defendant Cavanagh.
 Foley & Wray, for defendant Polley.

McADAM, J. The conveyance of the Eighty-Seventh street house,
executed by Grahams Polley to Lilian G. Cavanagh, was a voluntary
one, made upon a mere nominal consideration of $1. It was accom-
panied by a similar transfer to her of at least $20,000 worth of elegant
household furnishings supplied by Sloane & Co., at Polley's expense.
This sum, with the $15,000 equity in the house, aggregates $35,000.
Such transfers to a complete stranger, having no claim whatever

upon the bounty of the grantor, and at a time when he was indebted in a large amount to various persons, were a great wrong both on the kinspeople of the grantor and his creditors. The transaction evinces such a reckless disregard of the rights of existing creditors as to make it apparent that the purpose was to hinder, delay, and defraud them. It was so intended by the grantor, and so operated. It could operate in no other way. Bankruptcy of the grantor, if not contemplated by him at the time of the transfers, was tempted and defied. The inevitable result followed as sure "as night the day," and his trustee in bankruptcy now assails, as he well may, the transfers as fraudulent. The grantor became reckless and profligate, going from bad to worse, so that he was pleased, while upon the witness stand, to acknowledge himself "a high roller,"—a term which, according to his evidence, means a sporty man who rolls around during the night; an overgenerous man; a spendthrift and giver of wine dinners and entertainments to friends, in which sobriety plays but a small part. The intent of the grantee is also apparent. She knew that the gift to her of $35,000 of property was not only unmerited, but a flagrant wrong upon the kinspeople or creditors of the grantor. She neither knew nor cared which class was wronged. Under such circumstances, it would be highly inequitable to permit her to retain this property, the gift of a profligate mind, to the prejudice of honest creditors of the donor. It should be applied to the payment of their just debts and demands. If the transfers by Polley had been made for the benefit of a wife or family depending upon him for support, and the provision had been a reasonable one according to his means, a strong natural equity in their favor might create a sentiment to uphold the transactions. But the transfers had no such object, and there is nothing which in the least degree appeals to one's sense of justice in favor of sustaining them. They are clearly fraudulent, and the plaintiff is entitled to the usual decree in such cases.

Judgment for plaintiff.