Argued January 18, affirmed February 6, rehearing denied February 20, 1917.

## SAVAGE v. SCROGGIN.*

(162 Pac. 1061.)

**Deeds—Delivery—Sufficiency.**

1. Where the grantee in a deed told the grantor to give it to the officer of a bank and instruct the officer to have it recorded, the delivery of the deed to the officer was a sufficient delivery to the grantee.

---

*On delivery of deed to third person or record by grantor, as a delivery to the grantee, see notes in 54 L. R. A. 884; 9 L. R. A. (N. S.) 224.    REPORTER.

**Evidence—Parol Evidence—Valuable Consideration.**

2. Although where a deed recites merely a good consideration, the grantee may not give evidence of a valuable consideration, which would be different in kind from that expressed in the deed, where a reply alleged the actual payment of valuable consideration, evidence showing only a promise to pay the debts of the grantor was admissible.

**Deeds—Consideration—Promise to Pay Debt.**

3. A promise to pay debts of a grantor as consideration for a deed becomes absolute upon the execution of the instrument.

**Fraudulent Conveyances—Consideration—Payment—Time.**

4. A subsequent payment in good faith of the consideration for a deed is sufficient to render the conveyance valid, although made after the deed was attacked for fraud on creditors.

**Fraudulent Conveyances—Consideration—Assuming Grantor's Debts.**

5. A promise, made in good faith to assume and pay the debt of the grantor, is sufficient consideration for a deed as against the grantor's creditors.

[As to parol evidence supplementing deed by proof of collateral oral agreement, see note in Ann. Cas. 1914A, 455.]

**Fraudulent Conveyances—Consideration—Indemnity to Surety.**

6. As against the grantor's creditors, a surety may take the property of principal to secure himself against loss if he acts in good faith.

From Yamhill: HARRY H. BELT, Judge.

Department 1. Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by James Savage against S. L. Scroggin and W. G. Henderson, as sheriff of Yamhill County, Oregon, to enjoin the sale upon execution of certain land of plaintiff, situate in Yamhill County.

The complaint alleges that plaintiff is the owner of the property, and that defendant has caused an execution which was issued upon a judgment in favor of defendant Scroggin and against Dan Savage to be levied upon it, and is wrongfully proceeding to advertise and sell it upon such execution.

The answer justified under the judgment, order of sale and execution, and alleged that on November 23d Dan Savage and Nettie Savage, his wife, were the owners

of the premises, and that upon said date they executed
a deed to the land to the plaintiff, who is a brother of
Dan Savage, whereby they pretended to sell and con-
vey the premises to plaintiff; that said instrument was
forwarded by the grantors to the county recorder,
with instructions to record it, and was by the recorder
actually recorded on November 25, 1914; that said re-
corder was not at the time the agent of the grantee,
and had no authority to accept, and did not accept,
the deed for James Savage, but received and recorded
it for the grantors, and returned it to their agent; that
at the time of the commencement of the action by de-
fendant Scroggin against Dan and Nettie Savage the
plaintiff disclaimed all interest whatever in said prem-
ises by virtue of said deed or otherwise; that the con-
veyance by Dan and Nettie Savage to James Savage
was without consideration, and was made for the pur-
pose of defrauding his creditors; that the conveyance
is void for want of consideration and delivery.

Plaintiff replied by denials of the new matter in de-
fendants' answer, and alleged that at the date of the
conveyance he took the premises in good faith and
paid full value for the same.    There was also a fur-
ther defense, which, being merely evidentiary in its
nature, need not be here recited.    There were findings
and a decree for plaintiff, and defendants appeal.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the names of
*Mr. W. O. Sims* and *Mr. Roswell L. Conner,* with an
oral argument by *Mr. Sims.*

For respondent there was a brief over the names of
*Messrs. Holmes & Pearce* and *Mr. E. S. Snelling,* with
an oral argument by *Mr. Frank Holmes.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1-5. Without discussing the testimony in detail we are of the opinion that the following facts are established by the preponderance of the testimony: That Dan Savage was indebted to defendant Scroggin upon a promissory note for $221 and interest and to the Willamina Bank upon a note for $1,484, and that plaintiff had signed both these notes as an accommodation maker, and as between himself and the payees was liable for the payment of both notes; that in the fall of 1914 Dan agreed with plaintiff that as soon as he acquired title to the property described in the complaint he would convey it to plaintiff, who in consideration therefor was to pay off both the notes above mentioned. When the agreement to this effect was made, plaintiff was about to start on a trip to the coast, and told his brother that if he made the deed to give it to Mr. Fundman, an officer of the Willamina Bank, and have him send it down to be recorded. The deed was made on November 23d, and was taken by Dan Savage to Fundman in accordance with the previous agreement, and Fundman sent it to the county recorder's office, where it was recorded on November 25th and thereafter returned to Mr. Fundman, who afterward turned it over to plaintiff. The delivery of the deed to Fundman was a sufficient delivery to plaintiff, and the sole question is as to the sufficiency of the consideration. While the answer of the defendant charges that Dan Savage and wife executed the conveyance with intent to defraud creditors, it does not charge that plaintiff participated in this fraudulent intent or had any knowledge of it. The whole contention is that the conveyance was voluntary, without consideration, and void, because never delivered to the grantee. As to the consideration, the authorities

are overwhelming that a promise, either in writing or oral, to assume and pay a debt of the vendor is a sufficient consideration: *Meade* v. *Smith,* 16 Conn. 346; *Jenkins* v. *Peace,* 46 N. C. 413; *Shontz* v. *Brown,* 27 Pac. 123; *Stevens* v. *Hinckley,* 43 Me. 440; *Anderson* v. *Smith,* 5 Blackf. (Ind.) 395; *Seaman* v. *Hasbrouck,* 35 Barb. (N. Y.) 151; *Keen* v. *Kleckner,* 42 Pa. 529.; *Bell* v. *Greenwood,* 21 Ark. 249. In the case first cited the court says:

"It is further urged that the arrangement in question furnishes a most convenient mode, by which a fraud on the creditors of a vendor may be perpetrated, and therefore that it should not be sustained. It may be said of almost every species of contract for the conveyance of property that it may be resorted to by the wicked as a mere cover for fraud and knavery, although it is also true that some, from their greater plausibility, are more difficult to expose, and therefore furnish more easy facilities for that purpose, than others. Still this has never been deemed a sufficient reason for setting aside, or refusing to enforce, honest agreements which on their face are not unlawful; and to do so on that ground would not only be · palpably unjust to the parties, but a most injurious restriction on the right of contract and alienation. In *Forbes* v. *Marsh,* 15 Conn. 384, and in *Calkins* v. *Lockwood* [16 Conn.] 276 [41 Am. Dec. 143], decided by us the present year, we had occasion to consider objections to contracts of the same character as those here urged; but in both of those cases, which were stronger than this, they were overruled. On such a question, many of the topics which have been urged before us would be pertinent. The situation and circumstances of the parties, the time of the conveyance, its form and mode, and, in short, all the circumstances attending it would be proper to be considered in ascertaining the real object in view and in determining whether the transaction was honest or only colorable and fraudulent. But as matter of law we cannot pro-

nounce it void, if done in good faith, and for a purpose which the law does not condemn.''

The case of *Miles* v. *Miles,* 6 Or. 266 (25 Am. Rep. 522), is similar to the case at bar. In that case one S. D. Miles, being indebted to S. A. Miles, executed a deed to Laura R. Tredeau, his niece, with intent to delay S. A. Miles in the collection of his debt. The deed was wholly without consideration in fact, but contained a recital that it was subject to a mortgage of $500, which Mrs. Tredeau afterward paid. The complaint charged that the deed was voluntary and without consideration and executed by S. D. Miles to Mrs. Tredeau with intent to hinder, delay and defraud S. A. Miles in the collection of his debt; but the complaint, owing to the youth and inexperience of the attorney drawing it, who is the writer of this opinion, did not state that Mrs. Tredeau had knowledge of the fraudulent intent of the grantor. It was claimed by the attorneys for Mrs. Tredeau that the recital in the deed that the property was conveyed subject to a mortgage rendered her personally liable for the mortgage debt, and constituted a valid consideration. This court held that the recital of the existence of the mortgage in the deed did not render the grantee liable for the debt, but that her subsequent payment of the mortgage constituted a sufficient payment of the purchase money to make the conveyance valid, and that, in the absence of an allegation that the grantee took the conveyance with knowledge or notice of the fraudulent intent of the grantor, the transaction would be upheld. Here there is no charge in the complaint that James Savage had any notice that Dan Savage was indebted to Scroggin upon the claim in suit, or that he participated in any fraudulent design that Dan may have had to defraud creditors; neither does it appear from the

testimony that James knew that Dan had any other valid indebtedness than that which he (James) had agreed to pay.

It is further urged that the reply alleged an actual payment of the consideration, while the evidence shows only a promise to pay certain debts of the grantor, Dan Savage, and authorities are cited to the effect that the grantee cannot be allowed to show a different consideration than that named in the deed: 6 Ency. Ev. 100; *Scoggin* v. *Schloath,* 15 Or. 380 (15 Pac. 635); *Carmack* v. *Lovett,* 44 Ark. 180; *Buckley's Appeal,* 48 Pa. 491 (88 Am. Dec. 468); *Houston* v. *Blackman,* 66 Ala. 559 (41 Am. Rep. 756). We think the true rule is expressed in *Scoggin* v. *Schloath,* 15 Or. 380 (15 Pac. 635), and it is this: Where the deed states merely a good consideration such as love and affection, marriage or the like, evidence is not admissible to show that the consideration was a moneyed one. In other words, where the deed recites merely a good consideration, the grantee is not permitted to give evidence of a valuable consideration, because this would be proving by parol that the consideration was different in kind from that expressed in the deed. Here the consideration expressed is a moneyed consideration, and the consideration paid was a moneyed consideration. It is true it was not paid at the time the deed was made, but the promise to pay it was made before the execution of the deed, and became absolute upon the execution of that instrument, and the agreed consideration was, in fact, paid in cash before the answer was filed; and, as heretofore shown, this was sufficient. The promise alone was sufficient as shown if made in good faith. *Angrave* v. *Stone,* 45 Barb. (N. Y.) 35, is cited upon the point urged that payment of the consideration after the suit was commenced to set aside

a conveyance on the ground of fraud will not avail the grantee, but a careful examination of the case shows that it is not in point. In that case the court found that the original transaction was voluntary and fraudulent as to all parties, and held that the grantees could not purge themselves of the fraud by paying a valuable consideration after the suit was commenced.

6. In view of all the facts we do not see that defendant Scroggin has any superior equities over the plaintiff, who was liable upon notes of his brother, which he would inevitably have been compelled to pay to his own loss if Scroggin had been permitted to take the property under his claim. There is no law which prevents a person who is surety for another from taking property to secure himself against loss if he acts in good faith. There is no serious question but that the notes assumed and paid by James were, as between himself and his brother, the debt of the latter, and the price agreed upon and subsequently paid was not inadequate. In the race of diligence between plaintiff and Scroggin plaintiff won, and we think he won fairly and without fraud on his part. Viewing the case in this light, we are of the opinion that the decree of the Circuit Court should be affirmed, and it is so ordered.

AFFIRMED. REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE McCAMANT concur.