Rogers v. Balduini et al., 28 N. M. 102

---

[No. 2574.   April 11, 1922.]

## ROGERS V. BALDUINI et al.

### SYLLABUS BY THE COURT

A conveyance by a woman largely indebted of all her property, worth $6,000, for a recited consideration of $1, is prima facie fraudulent against her creditors.

Appeal from District   Court,   Bernalillo County; Hickey, Judge.

Action by Guy L. Rogers, as trustee of the estate of Isola Bambini, a bankrupt, against Julia Catalani Balduini and others. Judgment for the defendants, and the plaintiff appeals. Reversed and remanded, with instructions to overrule the defendants' motion for judgment.

A. B. McMillen and Laurence F. Lee, both of Albuquerque, for appellant.

The conveyance was void.

Jones on Evid. Sec. 468; Bump on Fraudulent Conveyances, 4th Ed. Secs. 52, 244, 247, 54, 56; 20 Cyc. 750.

Burden is on person trying to uphold conveyance of this kind.

American Net & T. Co. v. Mayo, 33 S. E. 523; also see Bartlett et al. v. Cheesbrough, 37 N. W. 652; Plummer et al. v. Rummell et al. 42 N. W. 336; Zimmer and others v. Miller, 1 Atlantic, 858, 22 C. J. 79, and Cent. Dig. Fraudulent Conveyances, Sec. 822.

Simms & Botts, of Albuquerque, for appellees.

There is a difference between suspicion and proof, between badges of fraud and proof of it. "Minor Badges of Fraud," Chap. XVII, pages 515-528, Bigelow on Fraudulent Conveyances, (Rev. Ed.).

Appellants badges are:

### WITHHOLDING DEED FROM RECORD.

Deed was executed April 1, 1916, acknowledged August 12, 1916, and recorded August 23, 1916. It could not be recorded until acknowledged, so it was withheld eleven days. Withholding entirely would not be fraudulent as to creditors of grantor.

Sec. 4788 Code 1915, Ilfeld v. De Baca, 13 N. M. 32; Kitchen v. Schuster, 14 N. M. 164; Bank v. Haverkamp, 16 N. M. 497; McBee v. O'Connell, 16 N. M. 469.

### INDEBTEDNESS OF GRANTOR.

The complaint alleges: "Although at the time of making said conveyance she was amply able to pay the whole of her debts in full." This is an allegation of solvency. All that remains is whether the fact that a solvent debtor made a conveyance reciting one dollar consideration is a prima facie case of fraud.

### CONVEYANCE OF ALL PROPERTY SHE HAD

This does not necessarily render it fraudulent.

12 Ruling Case Law (Fraudulent Conveyances, paragraph 19 and cases).

FALSE STATEMENT OF CONSIDERATION.

What will the result be in this state if it should be announced that the recital of one dollar consideration in a deed renders it prima facie fraudulent in an attack by creditors of the grantor? The court knows that ninety-nine deeds out of a hundred in this state would fall. Mr. Bigelow in his work on Fraudulent Conveyances, Chapter XVII, speaks of this as a ''slight badge'' of fraud. The law has constantly relaxed the rule as to explaining the consideration in a deed, and it would seem that there is very little of the ''slight badge'' left.

Bigelow on Estoppel, 6th Ed., P. 516.

RETURN FOR TAXES FOR 1917.

R. C. L., Vol. 12, Fraudulent Conveyances, paragraph 19.

Honesty is presumed.

Bank v. Lesser, 10 N. M. 700.

OPINION OF THE COURT

DAVIS, J. At the close of plaintiff's case in the trial court defendants moved for judgment on the ground that the proof was insufficient to authorize the relief asked, and this motion was granted. This was equivalent to a demurrer to the evidence which admits the truth of the testimony, every conclusion which it tends to prove and every inference which may reasonably be drawn from it. Morrison v. First National Bank, 28 N. M. 129, 207 Pac. 62.

Appellant, plaintiff below, is the trustee of the estate of Isola Bambini, a bankrupt. He commenced this suit to set aside a warranty deed executed by the bankrupt to Rafael Balduini, who subsequently died and whose heirs were made defendants and are appellees. This deed was dated April 1, 1916, acknowledged August 12, 1916, and recorded August 23, 1916. By its terms she conveyed to Balduini several parcels of

real estate, which constituted all of the property which she owned. At that time she owed a considerable sum of money, but the value of her property moré than equaled her debts. The real estate covered by the deed was worth at least $6,000. The deed decites a consideration of $1, and there was no proof of anything further. Her petition in bankruptcy was filed November 27, 1916, and the schedules showed no assets other than some personal effects which were claimed and allowed as exempt.

In the absence of any explanation do these circumstances show that this deed is fraudulent against creditors, and, at the outset of the inquiry, since lack or inadequacy of consideration is the foundation of appellant's contention, is the recital in the deed of $1 as the consideration prima facie proof that this was the actual and only consideration?

Such a recital is an admission against interest. It is the statement of Mrs. Bambini, acquiesced in by Balduini, that she received $1 as the purchase price of this property. It is admissible in evidence against these parties to the same extent that any other relevant admission against interest would be. Its evidentiary value may be slight if contradicted or explained, but, standing by itself, it may not be disregarded, and affords prima facie proof of the actual consideration.

As to whether the transaction amounted to a valid conveyance as between Mrs. Bambini and Balduini, we need express no opinion. If valid, it was to all intents and purposes a gift. We are dealing only with the question as to the effect of this conveyance upon her creditors. On the date of the deed Mrs. Bambini owed about $5,000. She owned property worth at least $6,000. She conveyed all of it for the consideration of $1. She paid none of her creditors, and on November 27, 1916, filed her schedules in bankruptcy listing no available assets. The rule applicable to such a situation is stated in Bump on Fraudulent Conveyances, § 244, as follows:

"The law stamps a man's generosity with the name of fraud where it prevents him from acting fairly toward his creditors, and presumes fraud if he disables himself from paying his debts. In such cases the presumption of fraud arise and may exist without the imputation of moral turpitude. The principle is that persons must be just before they can be generous, and that debts must be paid before gifts can be made."

The following authorities hold that a conveyance reciting the receipt of a nominal consideration for the sale of valuable property is prima facie fraudulent against creditors: Scoggin v. Schloath, 15 Or. 380, 15 Pac. 635; York v. Leverett, 159 Ala. 529, 48 South. 684, California Consolidated Mining Co. v. Manley, 10 Idaho, 786, 81 Pac. 50; O'Brien v. Cavanaugh, 36 Misc. Rep. 362, 73 N. Y. Supp. 558; Gunn v. Hardy, 130 Ala. 642, 31 South. 443.

The case turns on the question of consideration. Counsel for appellee argues that evidence of an adequate consideration, the payment by Balduini of $6,000 in cash, is found in a deposition of John M. Moore introduced by appellant. This deposition contains statements which, in connection with testimony as to such payment, might have some corroborative effect, but, taken by themselves, do not prove it. An examination of the testimony shows nothing which is actually contradictory of the recital in the deed.

The question presented is narrow. Possibly future developments in the case will show that our discussion is upon a fictitious issue. But we are compelled to pass upon the case as presented, and within the issues presented. Further than that we do not go. Under the facts of the present record, it is apparent that the proof in the court below, unexplained and undenied, made out a prima facie case of a conveyance void as to creditors and was sufficient to put appellees upon their proof.

The judgment is reversed, and the cause remanded, with instructions to overrule the motion of defendant for judgment. They are entitled to proceed with their proofs.

PARKER, J., and LEAHY, District Judge, concur.