## TYLER *vs.* CARLTON.

Where one conveyed land to his son, the deed expressing a valuable consideration, but the son verbally engaging to support the grantor during life, as a consideration for the land; and a year afterwards the son, being about to die insolvent, gave a mortgage to the father, conditioned for the support of his father during the residue of his life;—it was held, in an action by the father against one claiming the land by virtue of a sale by the son's administrator, that the mortgage was good, even against the creditors of the son; and that parol proof of the contract was admissible, notwithstanding the deed.

THIS was a writ of entry, in which the demandant claimed title to the land by virtue of a mortgage deed made to him by his son *Abel Tyler*.

At the trial, before the Chief Justice, it appeared that the demandant who formerly owned the premises, had conveyed them by deed to his son *Abel*, about a year before the mortgage, for the consideration of a thousand dollars expressed in the deed; and that the mortgage was given by *Abel* during his last sickness, and five or six days before his death; and was conditioned for the maintenance of his parents during their natural lives. Parol evidence was offered by the demandant, and admitted, though objected to by the tenant, showing that at the time of the conveyance to *Abel* he verbally engaged to support his father and mother during their lives, as a consideration for the land conveyed; and that he promised to prepare and execute, on the following day, a proper instrument for that purpose. It further appeared that the mortgage was made at *Abel's* suggestion, for his father's security; that he had assisted in supporting his parents ever since the first conveyance; and that he was insolvent at the time of executing the mortgage. The tenant claimed under a regular sale made by *Abel's* administratrix, for the payment of his debts, pursuant to the statute.

Upon this evidence it was contended, for the demandant, that the two deeds constituted but one entire contract. But if not, yet there was a subsisting obligation on the part of *Abel* to support his parents, at the time of giving the mortgage; which, therefore, was not such

a voluntary conveyance as could be avoided by his creditors on the score of fraud.

But the Chief Justice instructed the jury that the two deeds could not be taken as parts of one contract; but that by the first deed the estate was vested absolutely in *Abel;* and that if he did verbally agree to maintain his parents, and had assisted in so doing, as was testified, yet it appeared by the condition of the mortgage that no reference was had to any past transaction, its language being wholly prospective. And if, in consequence of any previous parol engagement, he was debtor to his father, yet as the mortgage was not made to secure the payment of any sum then due, it was a voluntary conveyance, and therefore void against creditors. The jury under these instructions, the correctness of which was reserved for the consideration of the court, returned a verdict for the tenant.

*Greenleaf* and *Ruggles,* for the demandant, maintained the ground taken at the trial; citing *Quarles v. Quarles,* 4 *Mass.* 680; 1 *Com. Dig. tit. Bargain and Sale,* B. 11; *Bullard v. Briggs,* 7 *Pick.* 537; *Miller v. Hawks,* 15 *Johns.* 405; *Schillinger v. McCann,* 6 *Greenl.* 364; *Wilkinson v. Scott,* 17 *Mass.* 249.

*J. Thayer* and *C. Porter,* for the tenant, cited *Flint v. Sheldon,* 13 *Mass.* 443; *Boyd v. Stone,* 11 *Mass.* 348; *Steele v. Adams,* 1 *Greenl.* 1; 1 *Ves.* 128; *Emery v. Chase,* 5 *Greenl.* 232.

MELLEN C. J. delivered the opinion of the Court in *Cumberland,* at the adjournment of *May* term, in *August* following.

By the report of this case it appears that the judge presiding at the trial admitted parol evidence as to the consideration of the deed from the demandant to *Abel Tyler,* though objected to by the counsel for the tenant, and also gave certain instructions to the jury, of which the counsel for the demandant complains. We are of opinion that the instructions were not correct, and on that ground the verdict ought to be set aside; unless the objection as to the admissibility of the parol evidence touching the consideration of the deeds, is by law sustainable; for if such proof cannot be admitted,

Tyler *v.* Carlton.

a new trial would be useless, and judgment should be entered for the tenant.

It is contended that no parol proof is admissible to show that the consideration of the deed was in any respect different from what the deed imports ; and it is admitted that the only consideration therein expressed is one thousand dollars. Several cases on this point have been cited ; as *Steele v. Adams,* on one side, and *Wilkinson v. Scott,* 17 *Mass.* 249, on the other. There are numerous other cases bearing on the general question ; and in *Schillinger v. McCann,* 6 *Greenl.* 364, we were requested to review our decision in *Steele v. Adams.* But the cause was disposed of without either affirming or overruling that decision. In the present case it is not necessary for us to pursue a different course. Without contradicting the deed as to the consideration expressed, it was competent for the plaintiff to prove an additional consideration, not expressed. Such was the object and tendency of the evidence which was offered and admitted. This seems to be a well settled principle of law. 1 *Co.* 176, *Mildmay's case* ; 2 *Co.* 76, *Ld. Cromwell's case* ; 1 *Com. Dig. tit. Bargain and Sale, B.* 11 ; 1 *Bac. Abr. same title D* ; *Rex v. Scammonden,* 3 *D. & E.* 474 ; *Wallis v. Wallis,* 4 *Mass.* 135. Here *Parsons C. J.* says " in this case, beside the valuable consideration expressed, a consideration of natural affection may be averred, as consistent with it." And in *Quarles v. Quarles, ib.* 680. *Sedgwick J.* in pronouncing the opinion of the court, says " the principle is, I think, most clearly established, that when one consideration is expressed in a deed, any other consideration consistent with it may be averred and proved." For these reasons the cause must be opened to another trial, when the jury may expressly decide the question whether there was existing and in force, at the time the mortgage deed was given, a parol contract on the part of *Abel Tyler* to support and maintain his parents, as mentioned in the condition of the mortgage.

*Verdict set aside and new trial granted.*