J. D. LEACH ET AL. v. ISAAC SHELBY.

58  681
78  766
78  768

1. CHANCERY PRACTICE. *Deposition. Objection by infant. First made in Supreme Court.*

This court will not reverse a decree against an infant on the ground that the deposition of a witness against him was taken outside of this State, without any commission and *ex parte*, where the record shows that he had a guardian *ad litem* in the court below, and the objection was not there made.

2. SAME. *Decree without order to "set down" cause. Effect.*

Where a case in chancery has been "set down" for hearing, and heard, and a decree rendered, it is not a good ground of error on appeal to this court that the record fails to show any order to "set down" the cause.

3. SAME. *Bill to vacate fraudulent deed. Grantor as a party defendant.*

S., a judgment creditor of L., after having an execution issued on his judgment and returned *nulla bona*, filed a bill to set aside as fraudulent a certain conveyance of land by L., the judgment debtor, to his son J., and to subject the land to the payment of the complainants' judgment. L. was made a party defendant to the bill. *Held*, that L. was not a necessary party to the suit. *Taylor* v. *Webb*, 54 Miss. 36, approved.

4. SAME. *Husband unnecessary party to suit. Wife as witness for his adversary.*

In the case above stated, L. answered the bill, denying that the conveyance was fraudulent, and asserting that it was made upon a valid consideration. The complainant took the deposition of L.'s wife, and her testimony tended to disprove the statements of his answer. *Held*, that although L. was not a necessary party to the suit, yet, having been by the bill made a defendant, his wife was not a competent witness for the complainant.

5. SAME. *Fraudulent conveyance. Evidence of want of consideration. Rebutting evidence.*

Where a conveyance by a judgment debtor, which recites a valuable consideration, is assailed by the judgment creditor by a bill in chancery alleging that the deed was executed in fraud and without any valuable consideration, the complainant is permitted to support his allegations by evidence outside of the deed; and the defendant may, by similar evidence, show that although the consideration mentioned in the deed did not exist, there was some other valuable consideration for the conveyance.

6. SAME. *Evidence assailing. Evidence defending.*

An attack on a deed as fraudulent by evidence *aliunde* may be repelled by like evidence.

APPEAL from the Chancery Court of Bolivar County.

Hon. W. G. PHELPS, Chancellor.

On the 17th of January, 1868, in consideration of natural love and affection, A. D. Leach conveyed by deed a certain

tract of land to his daughter, Mary A. Leach; and on the·
same day, and upon a similar consideration, he conveyed another
tract of land to his son, J. D. Leach. On the 28th of Febru-
ary, 1872, he conveyed a certain other tract of land to Laura
M. Rice, for the nominal consideration of $1,600. On the 4th
of April, 1872, A. D. Leach and Laura M. Rice intermarried;
and on the 27th of November, 1872, they jointly conveyed to·
his son, J. D. Leach, the land which had been conveyed by A..
D. Leach to Laura M. Rice before their marriage.

In 1874, Isaac Shelby, a judgment creditor of A. D. Leach,
upon whose judgment an execution had been issued, and re-
turned *nulla bona*, filed a bill in chancery against him, his son,
J. D. Leach, who was a minor, and George Brazier, formerly
the husband of Mary A. Leach, who had died childless, for the
purpose of vacating the conveyances above referred to, on the
ground that the two deeds of the 17th of January, 1868, were·
voluntary, and not effectual as against the complainant, a cred-
itor of the grantor, and that the deed from A. D. Leach to·
Laura M. Rice, and that from them jointly to J. D. Leach,,
were fraudulent as to the complainant, and to subject the lands
embraced in those conveyances to the payment of the com-
plainant's judgment against A. D. Leach.

The return on the subpœna issued to the defendants showed
that the writ had been personally served on the defendants
therein named, individually, and on A. D. Leach also as
guardian.

The bill charged that the conveyance of the 28th of Febru-
ary, 1872, to Laura M. Rice, was without any valid considera-
tion, and was intended to defraud the creditors of A. D. Leach,,
the grantor. Leach answered, denying this allegation of the·
bill, and asserting that the conveyance was made in consider-
ation of a promise of marriage by the grantee. The com-
plainant took the deposition of Mrs. Leach in Arkansas, who·
had separated from her husband, though she had not been
divorced. She testified that the deed was not executed or de-
livered to her in consideration of her promise to marry Leach,

but he said he gave it to her " because it was customary ; " and that he forced her to make the conveyance of the 27th of November, 1872, to his son, J. D. Leach. A motion was made to suppress her deposition on the ground that she was not a competent witness in the case, but the motion was over-ruled.

Upon final hearing the chancellor rendered a decree in favor of the complainant, directing that the tract of land conveyed to J. D. Leach by Mr. and Mrs. Leach be first sold, and the proceeds applied to the complainant's judgment, and if any balance remained unpaid, then that a sufficiency of the other two tracts should be sold to pay the same, *pro rata.* From this decree J. D. Leach and A. D. Leach appealed.

The appellants assigned for error : (1) that there was no legal service of process on the minor defendant, J. D. Leach ; (2) that no commission was issued for the taking of Mrs. Leach's deposition, and that as to J. D. Leach it was *ex parte;* (3) that Mrs. Leach was incompetent to testify in the case ; (4) that a final decree was rendered without the cause having been set down for hearing ; and (5) that the court erred in giving a decree for the complainant. Some additional facts in the case will be found stated in the opinion of the court.

*W. T. Carpenter,* for the appellants.

1. The court erred in not suppressing the deposition of Mrs. Leach, because, being the wife of A. D. Leach, one of the defendants, she was not a competent witness against him. The mere fact that Leach was not pecuniarily interested did not render his wife a competent witness against him, so long as he was a party to the suit — either a proper party or a neces-sary party. See 2 Stark. on Ev. 400. Pecuniary inter-est does not now disqualify any one as a witness, nor does the lack of it in either the husband or wife render one a competent witness against the other, where such other is a party to the suit. At common law the husband and wife were not allowed to either testify for or against each other, and under our statute they can only testify for each other. The true reason for not

allowing the husband and wife to testify against each other is because, being adverse to each other, making conflicting statements under oath would have a tendency to bring about a separation if living together, and prevent a reconciliation if living apart.

2. If the deposition of Mrs. Leach were suppressed, the deed to her from Leach would have to stand, because there is no other evidence in the case affecting its validity, and Leach's testimony would stand uncontradicted.

*Frank Johnston,* on the same side.

1. It is clear that Mrs. Leach was not made a competent witness by the statute. *Byrd* v. *The State*, 57 Miss. 244. The question then is, at common law, is she competent to testify in this cause? The common-law rule of exclusion rested on the identity of husband and wife in legal contemplation, as well as on principles of public policy. 1 Greenl. on Ev., sect. 334, and note 4. Sect. 760 of the Code of 1871 simply makes them competent for each other, leaving them incompetent as witnesses against each other. 57 Miss. 246. So, sect. 1601 of the Code of 1880 simply declares they may be introduced by each other. Wharton, in his work on Evidence, puts the rule at common law as disqualifying them in " each other's suits." 1 Whart. on Ev., sects. 421, 422.

A. D. Leach is a party defendant to the complainant's bill. At common law, because of being a party, he would have been incompetent to testify. 1 Greenl. on Ev., sect. 329. How could his wife, he being a party to the suit in his own right, have testified either for or against him? The principle of identity in legal contemplation made her incompetent, aside from the notion of public policy or social considerations.

A. D. Leach was a party to the suit, and, moreover, a necessary party defendant. " It is a debt which he owes which is sought to be collected. It is his insolvency which is to be established, and his fraudulent conduct which is to be investigated." This language is used in the case of a bill against

an alleged fraudulent grantor and grantee, and in speaking of the grantor. *Gaylords* v. *Kelshaw*, 1 Wall. 82.

2. As to the minor defendant, the deposition of Mrs. Leach was probably *ex parte.* No notice is shown to have been given him by the record. No commission was issued, as the law required. Code 1871, sect. 1085; 5 Smed. & M. 438; 2 Geo. 367. It was not necessary that this objection should be made by the infant in the lower court. 12 Ill. 260.

*Nugent & McWillie*, for the appellee.

1. The first assignment of error arises upon a total misconception of the facts. The summons issued upon the filing of the bill against Jefferson D. Leach, minor, and A. D. Leach, his father and guardian, was properly executed. The return reads as follows: "Executed this day, in person, on the within named defendants, except George Brazier (no service on him on account of high water), by delivering to each of them a true copy; also on A. D. Leach, guardian, by delivering him a true copy."

2. Mrs. Leach gave her deposition in Arkansas, and was cross-examined by the able solicitor for A. D. Leach, who was the guardian for his minor son, and the purposes of the law were effectuated. What more could the guardian *ad litem* have done for the son? There seems to have been no objection to the reading of the deposition: there was no exception and no motion to suppress; and while there does not seem to have been any commission, it would be difficult to say that there was none, and that all the necessary steps to render the deposition available were not taken.

3. Mrs. Leach was a competent witness. Archibald D. Leach was neither a proper nor a necessary party defendant in his own right. All the land sought to be reached was held by his son Jefferson, and by George Brazier, the surviving husband of his deceased daughter. Leach had no earthly interest in it. Counsel, we submit, are mistaken when they say he was a proper or necessary party in his own right.

4. The record shows that the cause came on to be heard,

and was heard. The absence of the order to set it for final hearing would hardly vitiate the decree; the time had elapsed for the taking of proof, and it must be presumed that the cause was properly submitted.

CAMPBELL, J., delivered the opinion of the court.

.The first assignment of error is not well taken. The return of service of process is strictly in accord with the statute on the subject. The second assignment of error cannot prevail. There was no motion to suppress the deposition, and no objection made to it in the court below, because of the absence of a commission, or because the deposition was taken *ex parte.*. The minor appellant had a guardian *ad litem* properly appointed, whose duty it was to conduct his defence, and, as to the matters involved in this assignment of error, must be treated as an adult would be.

The fourth assignment is without merit. Setting a cause for hearing is a mere matter of convenience in practice. It consists in stating the style of the case on the issue-docket, etc. The general docket is to show the names of the parties and date of filing each paper in the cause, and of the issuance and return of the process, and a reference to all orders in the cause. .In other words, the general docket is to contain an index to each step in the history of the case. The case is not to be docketed in the issue-docket until it is ready for final hearing, .or on the demurrer of all the defendants. The general docket serves to preserve the history of the cause, from the first step in it through each successive step to its end. The issue-docket and the motion-docket are to show the matters to be heard by the chancellor, who does not undertake to dispose of the general docket, but of those matters set down by the clerk on the issue and motion dockets, respectively, which are the only dockets to be called. There is no *calling* of the general docket. It is to contain a note of reference to every order and step in the cause, serving as a complete index thereof, and all causes ordered by the court or either party to be " set

down," are to be so "set down" on the proper docket. A
cause is "set down" when it is placed on the issue or motion
docket. The court may remand a cause to the rules, after
which it does not belong to the issue or motion docket; but if
the court hears the cause which has been "set down," the
purpose of its being "set down" is accomplished, since the
only object of ordering it to be "set down" is to get a hear-
ing and disposition of it. It is not required that the record
shall show an order to "set down" a cause. The statute
makes it the duty of the clerk, at each term, to "set down
all causes ordered by the court or either party to be set down."
This order is merely a means to the end. If the cause is set
down and heard, it is wholly immaterial that no order for it
appears.

The third ground in the causes assigned for reversal is that
Mrs. Leach, the wife of A. D. Leach, was not a competent
witness in the case. The bill was exhibited to vacate convey-
ances by A. D. Leach. Two of them were to his children,
and one to the lady who afterwards became, and is now, his
wife. She and husband conveyed to J. D. Leach the land
which Mr. Leach had before marriage conveyed to her. The
conveyance by Mrs. and Mr. Leach was also sought to be
vacated. Leach was made a party defendant by the bill, and
the deposition of Mrs. Leach was taken by the complainant.
A motion to suppress it was made. The record does not show
the action of the court on the motion, but contains the deposi-
tion. We are not informed what view the chancellor took of
this question, but we must determine whether it is admissible
to consider the deposition of Mrs. Leach as part of the evi-
dence. It is asserted by counsel on one side that Mr. and
Mrs. Leach were improperly made parties, and have no inter-
est in the suit, and, therefore, are to be considered as if not
parties, on the question of the competency of Mrs. Leach as a
witness. On the other side it is asserted that they are neces-
sary parties, and, therefore, that the rule excluding the wife
as a witness against her husband must be applied. The case

of *Gaylords* v. *Kelshaw*, 1 Wall. 81, is relied on as supporting the proposition that Mr. and Mrs. Leach were necessary parties. They were not necessary parties. *Taylor* v. *Webb*, 54 Miss. 36. In this case we carefully considered the case cited in 1 Wall., and repudiated the doctrine it announces on this subject. We adhere to our own view. The complainant might have omitted to make Leach and wife, or either, parties, and then there could have been no question as to their competency as witnesses; but as Leach is a party, he alone could introduce his wife as a witness. Code 1871, sect. 760; *Byrd* v. *The State*, 57 Miss. 243. She was not introduced by him or his side, but her deposition was taken by his adversary to overthrow the defence in which he was engaged. She was not a competent witness. This view renders necessary the determination whether, excluding the deposition of Mrs. Leach, there remains evidence sufficient to maintain the decree.

Mr. Leach testified that the consideration of the conveyance by himself to Laura D. Rice was not $1,600, the consideration it recites, but a settlement on his wife before their marriage, in contemplation and in consideration of their intended marriage, which had been agreed on at the time of the conveyance; and as marriage is a valuable consideration, and there is no imputation of fraud on the part of Mrs. Leach in accepting this conveyance before her marriage, it is claimed that she held the land beyond the reach of creditors, and could give it to J. D. Leach, who, because of the superiority of her right to it as against the creditors of A. D. Leach, is entitled to hold it. This view is correct, and is decisive of this appeal, if it be true that it is admissible to vary by parol the consideration recited in the deed. It recites $1,600 as the consideration. The evidence is of another consideration, and counsel says that cannot be shown. There are many cases and assertions by writers which seem to support the objection to parol evidence to show a consideration different from that mentioned in a deed, but we consider the true rule to be that, in a case like this, it is admissible to repel an attack on a deed by evidence

*aliunde*, by like testimony. The deed is assailed for fraud. The charge is sought to be supported by evidence that while the deed purports to have been for $1,600, not a cent was paid or intended to be paid. It is competent to show that although the valuable consideration mentioned did not exist, another valuable consideration did exist, and, therefore, that the deed was not fraudulent or voluntary. The assailant of a conveyance for fraud may show the truth as to its consideration, whatever are its statements. He who is interested to uphold the conveyance is entitled to show the real consideration, in order to maintain it. Truth is the proper object of investigation, and both parties should stand on the same footing, and have equal opportunity to establish it.

This just view is sustained by the authorities. Whart. on Ev., sect. 1046 *et seq.*; 2 Smith's Ld. Cas. 752; *Eppes v. Randolph*, 2 Call, 103 (125); *Tyler v. Carleton*, 7 Me. 175; *Cunningham v. Dwyer*, 23 Md. 219; *McCrea v. Purmort*, 16 Wend. 460; *McKinster v. Babcock*, 26 N. Y. 378; *Jack v. Dougherty*, 3 Watts, 151; *Hayden v. Mentzer*, 10 Serg. & R. 329; *Lewis v. Brewster*, 57 Pa. St. 410; *Harrison v. Castner*, 11 Ohio St. 339; *Wait v. Wait*, 28 Vt. 350; *Potter v. Everett*, 7 Ired. Eq. 152; *Miller v. Goodwin*, 8 Gray, 542; *Morse v. Shattuck*, 4 N. H. 229; *Banks v. Brown*, 2 Hill Ch. 558; *Hair v. Little*, 28 Ala. 236; *Rhine v. Ellen*, 36 Cal. 362; *Gale v. Williamson*, 8 Mee. & W. 405.

It follows from these views that the decree must be reversed, and the cause be remanded to the Chancery Court, where the complainant may be allowed to dismiss as to Mr. and Mrs. Leach, when her testimony would be competent; and with her testimony as a proper part of the case as presented by this record, the decree made by the chancellor would be held to be correct.