ELLEN E. VIRDEN ET AL. v. ANDREW J. DWYER.

1. FRAUDULENT CONVEYANCES. *Husband and wife. Evidence. Witnesses.*

    Husband and wife are not competent witnesses against each other in a suit by a creditor of the husband to vacate a conveyance from the husband to the wife.

2. SAME. *Burden of proof.*

    A conveyance from a husband to his wife, reciting a legal consideration, is *prima facie* valid, and the burden of proof to show it fraudulent is on the creditor of the husband who assails it.

3. SAME. *Quantum of proof. Suspicion.*

    To warrant the setting aside of a conveyance as fraudulent, the complainant must show the fraud by satisfactory evidence. Mere suspicion that it may be fraudulent is insufficient.

FROM the chancery court, first district, of Hinds county.

HON. HENRY C. CONN, Chancellor.

Dwyer, appellee, was complainant in the court below; Mrs. Virden and her husband, appellants, were defendants there. From a decree of the chancery court in complainant's favor the defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*Harper & Potter*, for appellants.

The conveyance recites a valuable consideration, and such recital is *prima facie* evidence of the fact and stands conclusive until it be shown otherwise by competent and satisfactory evidence. *Leach* v. *Shelby*, 58 Miss., 686; *Baum* v. *Lynn*, 72 Miss., 932.

The rules of law applicable to transactions between husband and wife seem settled in this state. It has been held that "such dealings, though to be carefully scrutinized on account of the temptation to give an unfair advantage to the wife over

other creditors, must be treated by the same principles as a conveyance by a debtor to a stranger, when brought in question as fraudulent against creditors." *Kaufman* v. *Whitney,* 50 Miss., 108.

" It is not enough to charge this fraudulent scheme in vigorous phrase, nor enough to produce evidence to support the charge which raises mere suspicion, but it rested upon complainant to clearly show the fraud charged by satisfactory evidence. Until that had been done to the extent, at least, of making a *prima facie* case, the duty was not upon the respondents to show that their purchases were made in good faith." *Shoe Co.* v. *Davie,* 75 Miss., 451.

Where the proofs do not show fraud, the court cannot affirm its existence. *Hiller* v. *Ellis,* 72 Miss., 700; *Shoe Co.* v. *Davie,* 75 Miss., 451; *Mizell* v. *Herbert,* 12 Smed. & M., 547.

*McWillie & Thompson,* for appellee.

The deed was fraudulent in fact, and therefore void. After a full hearing and a most careful consideration the learned chancellor so decided, and we submit that his decree is amply sustained by the evidence. This decree, being based on controverted facts, is analogous to the verdict of a jury. *Davis* v. *Richardson,* 45 Miss., 499; *Apple* v. *Ganong,* 47 Miss., 189; *Harrington* v. *Allen,* 48 Miss., 492; *Wilson* v. *Beauchamp,* 50 Miss., 24.

The deed in question being between husband and wife, it was incumbent on the parties, when the consideration was assailed, to make a satisfactory showing of the fairness and good faith of the transaction. They must shed light and not darkness upon it. They should show to the court satisfactorily all of the items of the alleged indebtedness from one spouse to the other, and the good faith of the entire transaction. When the effect is to cut out other creditors, such deeds are viewed with jealousy, and the courts require a clear and satisfactory showing of the fairness and sufficiency of the consideration. In

other words, the burden of proof is on the party claiming under such a deed. *Horton* v. *Davey*, 53 Wis., 413. The recital in the deed is insufficient. *Sillyman* v. *King*, 36 Iowa, 213; Waite on Fraud. Conv., sec. 220.

Argued orally by *W. H. Potter* for appellant, and *R. H. Thompson* for appellee.

CALHOON, J., delivered the opinion of the court.

In the case of *Virden* v. *Murphy*, *ante* 515, 20 So. Rep., 851, decided November 12, 1900, we reversed the court below on a record involving the identical facts with that before us now, but solely because there the contract on which the proceedings were based, was for advances to be paid from the profits of a gambling concern of the class called in ordinary parlance bucket-shops. The present case is not in that category, and must be determined by ascertaining whether the facts show a fraudulent conveyance. Both cases are suits in attachment in chancery against Ellen E. Virden and Geo. S. Virden, her husband, nonresidents, to subject property of the husband to the satisfaction of his debts to the complainants below, and both proceed on the predicate that a conveyance by him to her of the property in question was without consideration, fraudulent, and void as to his creditors. In the Murphy case elaborate interrogatories were, by the bill, propounded to Virden and his wife, the defendants, which were by them separately answered. In the instant case they were not propounded, and Ellen E. Virden alone answered the bill, a decree *pro. confesso* being entered against the co-defendant, George S. Virden, her husband; but it was agreed that their answers to the interrogatories in the Murphy case "may be offered by either party hereto in evidence on the trial of this cause, subject to objections for competency and relevancy." The answers of the husband were objected to in the case at bar, and they were manifestly incompetent. Husband and wife are not competent witnesses against

each other in this case. *Leach* v. *Shelby*, 58 Miss., 681; *Saffold* v. *Horne*, 72 Miss., 481 *et seq.*, and authorities there cited.

We are compelled to differ from the learned chancellor in his conclusion on the facts. The bill charges that the conveyance of the property by George S. Virden to his wife, the appellant, was voluntary, without consideration, fraudulent and void as to his creditors. The burden was on the creditor, the appellee, to prove this. He has not done so, but must rely upon the only testimony he offers, and that is of the appellant herself, and she refutes it and shows that the conveyance was based on a valuable consideration, grounded on the surrender and cancellation of a debt from her husband to her, evidenced almost wholly by note, the whole exceeding in amount the value of the property conveyed. On notice to produce it, she produced the original note, executed in Pennsylvania, where they then lived, on September 30, 1896, for $6,865. Afterwards they lived in California, where they resided for more than a year preceding the commencement of this litigation. This note bears evidence of the lapse of time in its appearance, and has the clause peculiar to Pennsylvania, and not to California, authorizing any attorney anywhere to enter judgment on it, etc. There can be no reasonable doubt of the genuineness of this note and consideration for it, and Mrs. Virden swears to it and there is no evidence contra.

Learned counsel for appellee, in a very able brief, rely on badges of fraud and the property conveyed being George S. Virden's one-thiry-fifth interest in the estate of an uncle who lived and died in Mississippi. They say that the deed was hastily prepared, before knowing the amount of his interest. In fact, the deed was made more than a month after the uncle's death, and it is extremely improbable the grantor could have thought his interest was greater than the debt, and, in fact, it was less. They say, further, that conveyances from husband to wife must be carefully scrutinized, and that there is no inde-

pendent evidence of the items of the debt to make up the note. But counsel represent the complainant in the bill and had to show the fraud, if there was fraud, and could not rest on mere suspicion.

In *Surget* v. *Boyd*, 57 Miss., 485, it appeared that the debts said to be fictitious were secured by the trust deed attacked by creditors four days before a large judgment was recovered against the grantors.

The court said: "That the debts secured were professedly due to relatives and intimate friends; that the conveyance preceded by four days only the recovery of a large judgment by the complainant against the grantors; that haste was made to have it recorded in counties where the grantors owned property before abstracts of the judgments could be enrolled there, might well be considered as suspicious circumstances, and as affording the complainant a basis for attacking the transaction; and yet they are equally consistent with the perfectly legitimate purpose of securing an honest debt." P. 490, top.

In the same opinion, on page 489, this court says: "Pressed by one creditor, they elected to incumber their property in favor of others, whom they thought more meritorious or for whom they felt more affection, and in doing so they exercised a right immemorial in the common law, and one which every man practically and daily exercises when he pays one debt leaving others unpaid. The only way in which other creditors can successfully assail such a conveyance is by showing that the debts pretended to be secured are simulated."

In *Kaufman* v. *Whitney*, 50 Miss., 109, this court says, in reference to conveyances from husband to wife: "Such dealings (though to be carefully scrutinized on account of the temptation to give an unfair advantage to the wife over other creditors) must be tested by the same principles as a conveyance by a debtor to a stranger, when brought into question as fraudulent against creditors." We refer to this case also generally as pertinent to the case at bar and to the authorities it cites.

See, also, *Savage* v. *Dowd*, 54 Miss., 728; *Leach* v. *Shelby*, 58 Miss., 681; *Shoe Co.* v. *Davie*, 75 Miss., 451. In this last case this court says: "It was not enough to charge this fraudulent scheme in vigorous phrase, nor enough to produce evidence to support the charge which raised mere suspicion, but it rested upon complainants' to clearly show the fraud by satisfactory evidence." This is far from being done in the case before us.

*Reversed and bill dismissed as to appellant.*