# CHARLESTON.

## Furst v. Galloway.

Submitted June 16, 1904—Decided November 22, 1904.

1. Consideration—*Parol Testimony.*

     When the consideration mentioned in a deed is merely nominal, and not contractual, or of the essense of the contract, the true consideration for such deed may be shown by parol testimony. (p. 247).

2. Evidence—*Preponderance.*

     If the evidence of the appellant sustained by the undisputed facts and circumstances plainly preponderates over that of the appellee, as shown by the records, this Court will reverse the decree in favor of appellee, and direct a decree in favor of the appellant. (p. 248).

Appeal from Circuit Court, Preston County.

Bill by John H. Furst against George L. Galloway. Decree for defendant, and plaintiff appeals.

*Reversed.*

R. W. Monroe, for appellant.

P. J. Crogan, for appellee.

Dent, Judge :

John H. Furst instituted a suit in the circuit court of Preston county to set aside and cancel a deed made by him to George L. Galloway on the 15th day of March, 1897, on the grounds that the same was obtained from him by fraudulent promises on the part of Galloway. The circuit court refused him the relief sought, and dismissed his bill and he appeals to this Court.

The bill alleges that the true consideration for the deed recited therein to be one hundred and fifty dollars cash in hand, was the payment of plaintiff's debts amounting to about seventy dollars, and the support and maintenance of his two aged maiden sisters and himself during life, and their decent burial after death; that the subject matter of the deed was a tract of seventy acres of land, for which plaintiff paid the sum of $1,050.00; that plaintiff executed a clear deed to the defendant at his instance, to enable him to borrow the money to pay off such indebtedness; that defendant obtained the sum of $110.00 by executing a deed of trust forthwith upon the land, part of which he expended on such indebtedness, and the residue he kept, paid no portion of the recited purchase price to plaintiff, and refused to support plaintiff and his sisters, but drove them from the farm. The defendant in his answer maintains that he purchased the land for the sum of one hundred and fifty dollars, all of which and more he had paid on the indebtedness of plaintiff. The plaintiff sustains his bill by the evidence of himself and sister, and the corroborating evidence of several other witnesses as to admissions made by the defendant. Defendant relies upon his deed, the evidence of himself and wife, and certain corroborating statements and conduct of the plaintiff.

The recital of the deed as to the consideration can have very little weight in this controversy for the reason that this is a direct attack upon it, and it is admitted that it nominally states the consideration to be one hundred and fifty dollars cash in hand paid. *Knowlton* v. *Campbell,* 48 W. Va. 294. The recital of the consideration not being of the essense of the contract, but nominal in form, the true consideration may be shown. 6 Am. & En. En. Law (2d Ed.) 767. The defendant is unable to show to whom he paid this $150.00, and for what purpose, and makes certain false statements as to payments made by him about which he is positively contradicted. His wife's evidence is of a negative character, and is in effect that she did not hear her husband agree to support and maintain the plaintiff and his sisters. The evidence of defendant's other witnesses relate to vague and uncertain admissions made by plaintiff susceptible of easy explanation under the circumstances, and add very little weight to defendant's otherwise discredited testimony. The strongest evidence against plaintiff is his own conduct in delaying to person-

ally assert his rights promptly. This is easily accounted for by his age and disposition, being in the neighborhood of seventy, affected with that simple childishness that overcomes so many on the approach of this age limit of the allotted time of man. Neither the defendant nor others are shown to have been in any manner injured by this delay and reticence on the part of the plaintiff. On the contrary, by reason thereof, the defendant has had the enjoyment and use of the farm without other expense than the small amount of money he secured upon its credit.

There is no sufficient evidence that he ever put a dollar of his own money into it. The money he used was obtained not upon his own, but the credit of the land, and still rests on it unpaid The consideration recited in the deed is shown to be, and is admitted to have been wholly inadequate. The land was and is worth not less than $750.00 in actual value. While a person has a right to waste and give away his property if he wishes to do so, and so long as he is of disposing memory, courts will not interfere with the disposition thereof. Yet the inadequacy of the consideration tends strongly to corroborate the testimony of the plaintiff, and to disparage that of the defendant. There is no good reason shown why plaintiff should give his property to the defendant while there are the most substantial reasons why he should so dispose of it as to secure the support of himself and sisters.

Taking all the circumstances into consideration, the plain and decided preponderance of the testimony is with the plaintiff, and the circuit court should have so held. There is no question but that the defendant deceived and misled the plaintiff, and thereby obtained a clear deed for his land on a nominal consideration expressed, and then refused to furnish to the plaintiff the true consideration that he, the plaintiff, believed that he was to receive therefor. Although the defendant may have been perfectly clear in his dealings, yet if the plaintiff was laboring under the mistaken belief that he was to receive the support of himself and sisters as a part consideration for the land at the instance of the plaintiff a court of equity will cancel the deed for the reason that the minds of the contracting parties never met, and there was no contract between them to which they mutually acceded. 7 Am. & En. En. Law (2d Ed.) 110. In this case, however, the evidence tends to establish the allegation that the defendant know-

;ingly took advantage of the plaintiff, hence the Court cannot do otherwise than reverse the decree, cancel the deed, except as to the deed of trust given on the land the day of the deed, and remand the case to the circuit court with directions to place the ·parties in *statu quo* as near as possible, and to further proceed in the case according to the rules and principles of courts of ·equity.

*Reversed.*