# CHARLESTON.

## DeMoss v. McGee *et al.*

Submitted June 11, 1909.      Decided December 7, 1909.

1. FRAUDULENT CONVEYANCES—*Payment of Debt.*

   In a suit by a creditor, under section 1, chapter 74, of the Code, to set aside a deed of trust, or an absolute conveyance, as having been made by his debtor to delay, hinder and defraud him in the collection of his debt, all fraud and fraudulent intent being denied, and the proof showing the conveyance to have been made for full and adequate consideration, to secure and pay a *bona fide* debt to another creditor, mere badges of fraud, as that the consideration recited was cash, and that it was slightly in excess of the amount of the debt secured or paid, and that such excess was paid the grantor, and the like, will not be sufficient to impeach such conveyance as fraudulent in fact. (p. 442).

2. JUDGMENT—*Conformity to Issues.*

   A bill by a creditor, under section 1, chapter 74, of the Code, to impeach for actual fraud the deed of his insolvent debtor, but failing in that object, will not be treated as a bill under section 2, of said chapter, to avoid such deed as a preference, and to have it declared a general assignment for the benefit of all creditors as provided thereby. (p. 444).

Appeal from Circuit Court, Preston County.

66 W. Va.

Bill by T. N. De Moss against Charles N. McGee and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

P. J. Crogan, for appellant.

William G. Conley, for appellee W. A. Bolyard.

Miller, President:

From the decree below dismissing his bill plaintiff has appealed.

Plaintiff, a general and also a judgment creditor of defendant McGee, filed his bill against McGee and Bolyard and wife, under section 1, chapter 74, of the Code, to have set aside and declared fraudulent in fact and void, and as made without consideration, and with intent to delay, hinder and defraud him in the collection of his debts, the following deeds from McGee and wife: First, a deed of trust of June 23, 1902, in favor of Mrs. Bolyard for $350.00, covering a tract of 109 acres; second, a deed of absolute conveyance to Bolyard for the same tract, of July 15, 1902, for the purported consideration of $500.00, cash in hand paid. McGee did not answer, but Bolyard and wife jointly answered the bill, denying all fraud and collusion, and upon issue joined thereon, depositions and proofs were taken, and the final decree appealed from was pronounced thereon.

The charges of the bill relied on, that the deed of trust and the deed of absolute conveyance, were without consideration, are fully met, not only by absolute denial in the answers of Bolyard and wife, but by abundant proof that the deed of trust was in consideration of a store account which McGee owed Bolyard, and which Bolyard, because of indebtedness of himself to his wife, procured to be made in her favor, he crediting McGee in his store account for the amount secured thereby; and that the subsequent deed of conveyance to Bolyard was in consideration of $425.00, due Bolyard from McGee in said store account, including the amount secured by said deed of trust, and $75.00 paid McGee in cash at the time of the conveyance. Bolyard and McGee not only testified to these facts, but upon demand of the plaintiff, the books of original entry kept by Bolyard, showing said account, were produced, and Bolyard cross examined thereon, and we are of opinion that the burden of show-

ing the *bona fides* of the two transactions between defendants
was fully borne by them. It does not matter that the proof
showed McGee not indebted to Mrs. Bolyard at the time of the
trust in her favor. Being indebted to her, Bolyard had the
right to have the deed of trust made in favor of his wife, if he
chose to do so. This constituted no fraud upon plaintiff.

Another fact alleged and relied upon is that the Bolyards
obtained their deeds from McGee after suits brought by plain-
tiff against him, a badge of fraud. But the proof does not
support this allegation. The suits were not brought until July
17, 1902, two days after the date of the last deed of convey-
ance.

Another point made is that the deed to Bolyard acknowl-
edges a cash consideration, while the proof shows only $75.00
was cash, the rest being a store account. A mere badge of
fraud like this is not, in a case like this, conclusive of fraud-
ulent intent, especially when there is positive proof of a valua-
ble consideration, and the doing of a lawful act. *Herold* v.
*Barlow,* 47 W. Va. 750; *Drug Co. v. Faulconer,* 52 W. Va. 581.

Another claim for reversal is that Bolyard purchased the land
for a price in excess of the amount of his debt, paying the
difference, $75.00, to McGee in cash, and placing that sum
beyond the reach of plaintiff. It is not pretended that McGee
sold the land to Bolyard for an inadequate price in fraud
of plaintiff, but only that the surplus over Bolyard's debt was paid
into the hands of McGee. But Bolyard denies any fraud in
this; he denies having any knowledge of McGee's indebtedness
to plaintiff, but, on the contrary, says he knew McGee had a
judgment against DeMoss for $175.00, recently recovered be-
fore a justice. And he did not know, as the facts seem to
be, that DeMoss had appealed from the judgment of the
justice. The conflict in the evidence on this question of
fact must be resolved in favor of the decree below. We do not
think this fact sufficient to overthrow the deed for actual
fraud. It was held by this Court in *Baer Sons Grocer Co.* v.
*Williams,* 43 W. Va. 323, where neither the *cestui que trust*
nor trustee has notice of the fraud in fact, which would
otherwise render the trust deed invalid, it will not be held
fraudulent as to them. This rule applies to the case in hand.
These are substantially all the facts alleged or proven to set

aside these deeds for fraud. We do not think them sufficient. This conclusion we think fully supported by *Herold* v. *Barlow,* and *Drug Co.* v. *Faulconer, supra.* The cases relied upon by plaintiff we do not think support their contentions.

Appellant's counsel would have us reverse the decree on the theory that said deeds constituted voidable preferences by an insolvent debtor, under section 2, of chapter 74, of the Code. Our answer to this proposition is that the bill was not filed under that section. To avoid such a deed as a voidable preference under that section a bill must be filed for that purpose, within the time thereby prescribed; otherwise the deed becomes validated by that very act.

Seeing no error in the decree below it will be affirmed.

*Affirmed.*