# CHARLESTON.

WARREN REFINING & CHEMICAL COMPANY *et al. v.* OTTO
M. DYER *et al.*

(No. C. C. 378)

Submitted April 13, 1926.   Decided April 20, 1926.

1. EVIDENCE—*If Deed is Attacked by Third Parties for Fraud,
   it May be Shown, in Addition to Consideration Expressed,
   That Substantial and Valuable Consideration Was Paid,
   or the Converse.*

   Where a deed is assailed by third parties for fraud, it may
   be shown that, in addition to the consideration expressed in
   the deed, a substantial and valuable consideration was paid,
   or the converse.

   (Evidence, 22 C. J. §§ 1566, 1702. Fraudulent Conveyances, 27
   C. J. §§ 750, 758.)

2. PLEADING—*In Suit by Creditors to Set Aside Conveyance for
   Fraud, Debtor's Answer, Denying Fraud or Fraudulent In-
   tent and Alleging Valuable and Adequate Consideration,
   Should Not be Stricken Out, Although Pleadings Show Con-
   sideration Stated in Conveyance Was Nominal Sum (Code,
   c, 74).*

   In a suit by creditors, under chapter 74 of the Code, to set
   aside a conveyance of land for fraud, where the debtor's an-
   swer denies all fraud or fraudulent intent, and alleges the
   conveyance was made for a valuable and adequate considera-
   tion to secure the grantee, one of his creditors, such answer
   should not be stricken out, although the pleadings show that
   the consideration stated in the conveyance was for a nominal
   sum.

   (Fraudulent Conveyances, 27 C. J. § 696.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
   part of syllabi.)

Certified questions from Circuit Court, Barbour County.

Suit by the Warren Refining & Chemical Company and
others against Otto M. Dyer and another to set aside a deed
and to subject property conveyed thereby to plaintiffs' claims.
After sustaining plaintiffs' motion to reject the answer of
defendant, Otto M. Dyer, and overruling a motion to reject
the answer of defendant E. R. Dyer, the trial court certified
questions.

*Order striking out the answer of defendant Otto M. Dyer reversed; otherwise affirmed.*

*J. M. N. Downes,* for plaintiffs.
*J. Blackburn Ware,* for defendants.

MILLER, JUDGE:

The plaintiffs, judgment lien creditors of the defendant Otto M. Dyer, brought this suit against him and his father E. R. Dyer, to set aside a certain deed from the former to the latter, and to subject the property conveyed thereby, to the payment of their claims. The circuit court sustained plaintiffs' motion to reject the answer of Otto M. Dyer, but overruled a motion to reject the answer of the defendant E. R. Dyer; and has certified to us, on its own motion, the questions arising on its rulings.

From the pleadings it appears that a number of plaintiffs' judgments were docketed in Barbour County, where the property proceeded against is located, on January 19, 1922. The deed from Otto M. Dyer to E. R. Dyer bears date of January 4, 1922, and was duly recorded in the office of the clerk of the county court of Barbour County on January 16, 1922. It recites a "consideration of one dollar in hand paid, the receipt whereof is hereby acknowledged."

The separate answers of the defendants each alleges, that in the year 1916, the defendant Otto M. Dyer borrowed from C. M. Jenkins the sum of $3,000.00, evidenced by a note signed by his father E. R. Dyer, but who in fact was only security for the son; that later the defendant E. R. Dyer endorsed for the son a note for $3,500.00, payable to the Citizens National Bank of Philippi; that the conveyance attacked was to secure E. R. Dyer on his endorsements, and to reimburse him for money already paid out for the son, when it became apparent that the latter would not be financially able to discharge the balances on the notes, or either of them. Each answer denies that there was any fraudulent intent with respect to other creditors, but asserts that the conveyance was simply a preference in favor of the defendant E. R.

Dyer. The father in his answer denies that at the time the deed was delivered to him he knew of the financial difficulties of the son, and avers that he took the same to reimburse himself for his liability on his son's notes, and alleges that since the conveyance to him, he has paid off the two notes above referred to, the balances amounting to $6,280.00, and exhibits with his answer the canceled notes; and he alleges that the property so conveyed to him is not of sufficient value to reimburse him for the payments he thus made for the defendant Otto M. Dyer.

Plaintiffs' first proposition is that neither of the defendants can by parol evidence show a different or additional consideration from that stated in the deed of January 4, 1922.

It seems to be well settled in this state, as elsewhere, that the consideration clause in a deed is open for explanation for any purpose except to defeat the conveyance. *Casto* v. *Fry*, 33 W. Va. 449; *Rymer* v. *South Penn Oil Company*, 54 W. Va. 530; *Furst* v. *Galloway*, 56 W. Va. 246; *Lambert* v. *Lambert*, 66 W. Va. 520; *Cumberledge* v. *Cumberledge*, 72 W. Va. 773; *Tie & Lumber Company* v. *Flannigan*, 77 W. Va. 162; *Flinn* v. *Boso*, 79 W. Va. 493; *Baughman* v. *Hoffman*, 90 W. Va. 388; *Hunt* v. *Hunt*, 91 W. Va. 685.

In *Furst* v. *Galloway*, *supra*, it was held: "When the consideration mentioned in a deed is merely nominal, and not contractual, or of the essence of the contract, the true consideration for such deed may be shown by parol testimony." In *Casto* v. *Fry*, *supra*, we held: "When a deed is assailed by third parties on the ground of fraud, it is admissible to show, in addition to the consideration expressed in the deed, that a substantial and valuable consideration was paid, or the converse."

And this rule seems to be general. "Parol evidence is admissible to show the true consideration of a deed, provided the consideration offered to be shown is not inconsistent with that which is expressed, and does not alter the effect of the instrument." 4 Thompson on Real Property, § 3041, p. 122. "If the deed is assailed by the creditors of the grantor as fraudulent, the grantee may support it by proving any valuable consideration, though different from that expressed." 4

Thompson, § 3044, p. 128. In 3 Jones on Evidence, § 469, p. 292, it is said: "The consideration expressed is only presumptive evidence that it is the real consideration, and that presumption may be overcome by parol evidence showing another or greater consideration. The reason for relaxing the general rule in this particular is stated to be that a change in or contradiction of the expressed consideration touches not the covenants of grantor and grantee in the deed, and neither limits nor enlarges the grant."

And we think what was said by the Supreme Court of Mississippi, in *Leach* v. *Shelby,* 58 Miss. 681, 689, expresses the justice of this rule in a case like the one presented here: "The assailant of a conveyance for fraud may show the truth as to its consideration, whatever are its statements. He who is interested to uphold the conveyance is entitled to show the real consideration, in order to maintain it. Truth is the proper subject of investigation, and both parties should stand on the same footing, and have equal opportunity to establish it." Citing: *Eppes* v. *Randolph,* 2 Call, 103 (125); *Tyler* v. *Carleton,* 7 Me. 175; *Cunningham* v. *Dwyer,* 23 Md. 209; *McCrea* v. *Purmort,* 16 Wend. 460; *Jack* v. *Dougherty,* 3 Watts, 151; *Wait* v. *Wait,* 28 Vt. 350; *Miller* v. *Goodwin,* 8 Gray, 542; *Banks* v. *Brown,* 2 Hill Ch. 558; and other cases.

The circuit court struck out the answer of Otto M. Dyer on the theory that the conveyance as to him was voluntary and fraudulent. We quote from the court's opinion: "We have observed that the answer of Otto M. Dyer shows that he made this conveyance with intent to hinder and delay his creditors. It was a conveyance of all the real estate owned by the grantor. Consequently this conveyance defrauded the creditors of the grantor, and on the face thereof was without consideration and voluntary."

But both answers deny fraudulent intent, and admit a preference. Mere intent to prefer one or more creditors is not sufficient to establish fraud. Such preference may injure, but it does not defraud other creditors. *Herold* v. *Barlow,* 47 W. Va. 750; *Powers-Taylor Drug Co.* v. *Faulconer,* 52 W. Va. 581. "In a suit by a creditor, under section 1, chapter 74 of the Code, to set aside a deed of trust, or an absolute

conveyance, as having been made by his debtor to delay, hinder and defraud him in the collection of his debt, all fraud and fraudulent intent being denied, and the proof showing the conveyance to have been made for full and adequate consideration, to secure and pay a bona fide debt to another creditor, mere badges of fraud, as that the consideration recited was cash, and that it was slightly in excess of the amount of the debt secured or paid, and that such excess was paid the grantor, and the like, will not be sufficient to impeach such conveyance as fraudulent in fact.'' *DeMoss* v. *McGee,* 66 W. Va. 441.

In *Herold* v. *Barlow, supra,* it was held that such a conveyance, without fraudulent intent in the creditor, although he knows of the debtor's insolvency, is not fraudulent in fact and utterly void, but stands for the benefit of all creditors; and that where the purchaser pays off debts of the insolvent, at his request, as part of the consideration, though such debts are not liens, they will be treated as if cash paid by the purchaser, and he will have preference therefor over other general creditors. That case arose before the amendment of section 2, chapter 74 of the Code, which now provides that a suit to set aside a conveyance as an unlawful preference must be brought within one year thereof, or if such conveyance is recorded within eight months after it is made, the suit must be within four months after such recordation; and it was there held that a delay of four years and four months, unexcused, barred the suit by laches.

The only material difference between the answers of Otto M. Dyer and E. R. Dyer, is that the latter denies knowledge of Otto M. Dyer's financial condition or insolvency. Each denies fraud and alleges that the conveyance of January 4, 1922, was intended only to secure and reimburse the defendant E. R. Dyer. Actual fraud, then, becomes a matter of proof. In view of our cases above cited and quoted from, we are convinced that the circuit court erred in striking out the answer of Otto M. Dyer, and that the answer of E. R. Dyer was rightly permitted to be filed.

*Order striking out the answer of defendant Otto M. Dyer reversed; otherwise, affirmed.*